```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
                                  :
BMADDOX ENTERPRISES LLC,
                                  :
                Plaintiff,
                                  :   17 Civ. 1889 (RA)(HBP)
      -against-
                                  :   REPORT AND
MILAD OSKOUIE, OSKO M LTD. and        RECOMMENDATION
PLATINUM AVENUE HOLDINGS PTY,     :
LTD.,
                                  :
                Defendants.
                                  :
----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE RONNIE ABRAMS, United States District Judge,

I.  Introduction

Defendants Milad Oskouie, Osko M Ltd. and Platinum Avenue Holdings Pty, Ltd. move to dissolve or modify pursuant to Fed.R.Civ.P. 65(b)(4) an Order that was issued ex parte temporarily restraining their assets (the "Asset Restraining Order") (Notice of Motion, dated Aug. 16, 2017 (Docket Item ("D.I.") 47)).  For the reasons set forth below, I respectfully recommend that the Asset Restraining Order be dissolved without prejudice to a renewed application by plaintiff.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/17

II.    Facts

    A.    Background

       According to the complaint, plaintiff BMaddox Enter-
prises LLC creates and sells educational courses and materials
through its website, <ffl123.com>, to assist members of the
public in obtaining federal firearms licenses (Complaint and
Demand for Jury Trial, dated Mar. 14, 2017 (D.I. 6) ("Compl.") ¶¶
2, 29).  Plaintiff owns the copyright for an educational text
that is available for purchase on its website (Compl. ¶¶ 30-31,
35).  Plaintiff has also filed applications for copyrights for
the look and feel of its website as well as its underlying HTML
code (Compl. ¶¶ 32-33).  Additionally, plaintiff owns a trademark
for "FFL123" for "licensing information services, namely, provid-
ing on-line information in the fields of firearms dealer
licensure; and licensing consulting services in the field of
firearms dealer licensure" (Compl. ¶ 38).

       Plaintiff alleges that defendants, without authoriza-
tion, gained access to plaintiff's Microsoft, Google Chrome,
Dropbox, MailChimp, Rackspace and Wordpress accounts (Compl. ¶¶
47-57).  After obtaining such access, defendants allegedly
accessed plaintiff's saved passwords, obtained and copied plain-
tiff's list of the email addresses of prospective customers,

2

altered the settings on plaintiff's website to effectively

prevent it from appearing in response to Google and similar

searches and obtained access to the website's contents (Compl. ¶¶

51-52, 56-57).

Subsequently, defendants allegedly started a competing

business using the domain name <flltrust.com> that contained

essentially the same content as <fll123.com> (Compl. ¶¶ 58-59).

On their website, defendants, in part, allegedly created and sold

a "slavish copy" of plaintiff's copyrighted educational text,

copied the look and feel of plaintiff's website and its HTML code

and copied plaintiff's email marketing messages and sent copycat

versions to plaintiff's actual and potential customers (Compl. ¶

60).

### B.  Procedural History

Plaintiff commenced this action for copyright infringe-

ment, false advertising, trade secret misappropriation, deceptive

trade practices and violations of the Computer Fraud and Abuse

Act, 18 U.S.C. § 1030(g), and Digital Millennium Copyright Act

(the "DMCA"), 17 U.S.C. § 512(f).  Plaintiff seeks actual damages

and defendants' profits from their allegedly illegal activity, or

statutory damages, whichever is greater, as well as injunctive

relief.

3

On March 15, 2017, plaintiff moved <u>ex</u> <u>parte</u> for, among
other things, an Asset Restraining Order (Plaintiff's <u>Ex</u> <u>Parte</u>
Application for a Temporary Restraining Order, Order to Disable
Websites, Asset Restraining Order, Expedited Discovery Order, and
Order to Show Cause for Preliminary Injunction, dated Mar. 15,
2017 (D.I. 22)).  On March 16, Judge Abrams denied the applica-
tion without prejudice to a renewed application "addressing the
likelihood of dissipation of the claimed assets" (Order, dated
Mar. 16, 2017 (D.I. 17)).  Accordingly, plaintiff submitted a
supplemental memorandum of law in accordance with Judge Abrams'
Order (Supplemental Memorandum of Law in Support of Plaintiff's
<u>Ex</u> <u>Parte</u> Application for a Temporary Restraining Order, Order to
Disable Certain Websites, Asset Restraining Order, Expedited
Discovery Order, and Order to Show Cause for Preliminary Injunc-
tion, dated Mar. 29, 2017 (D.I. 24) ("Supp. Mem.")).  On May 30,
2017, Judge Abrams granted plaintiff's application to restrain
all of defendants' assets pending a hearing on plaintiff's
request for a preliminary injunction (Order, dated May 30, 2017
(D.I. 15)).  In relevant part, the Order provided:

> 1.   Defendants and any persons in active concert
> or participation with them who have actual notice of
> this Order shall be temporarily restrained and enjoined
> from transferring or disposing of any money or other of
> Defendants' assets until further order by this Court;

4

   2.   PayPal, Inc. ("PayPal"), Stripe, Inc.
("Stripe") and WePay, Inc. ("WePay") shall within two
(2) business days of receipt of this Order:

      a.   Locate all accounts and funds connected
to Defendants or Defendants' websites; and;

      b.   Restrain and enjoin such accounts or
funds from transferring or disposing of any money
or other of Defendants' assets until further or-
dered by this Court;

   3.   Any banks, savings and loan associations,
payment processors, credit card companies, or other
financial institutions for Defendants or Defendants'
websites shall within two (2) business days of receipt
of this Order:

      a.   Locate all accounts and funds connected
to Defendants or Defendants' websites; and;

      b.   Restrain and enjoin such accounts or
funds from transferring or disposing of any money
or other of Defendants' assets until further or-
dered by this Court[.]

(Order, dated May 30, 2017 (D.I. 15), at 3-4).

         By Order dated August 9, 2017, Judge Abrams consoli-

dated the hearing on plaintiff's request for a preliminary

injunction with a trial on the merits; thus, the Asset Restrain-

ing Order was extended until "trial is complete or this matter is

otherwise resolved" (Order, dated Aug. 9, 2017 (D.I. 39)).

         On August 16, 2017, defendants filed the present motion

seeking to dissolve or modify the Asset Restraining Order (Notice

of Motion, dated Aug. 16, 2017 (D.I. 47)).

III.  Analysis

    A.  Applicable Legal Principles

        "'On [a] motion to dissolve a[n] [ex parte] temporary restraining order, [plaintiff], the party that obtained the order, bears the burden of justifying continued injunctive relief.'"  Gardner v. Weisman, 06 Civ. 5998 (WHP), 06 Civ. 5999 (WHP), 06 Civ. 6001 (WHP), 06 Civ. 6002 (WHP), 06 Civ. 6003 (WHP), 2006 WL 2423376 at *1 (S.D.N.Y. Aug. 21, 2006) (Pauley, D.J.), quoting SG Cowen Sec. Corp. v. Messih, 00 Civ. 3228 (HB), 2000 WL 633434 at *1 (S.D.N.Y. May 17, 2000) (Baer, D.J.), aff'd, 224 F.3d 79 (2d Cir. 2000); accord Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 441 (1974); Taylor v. Taylor, No. 3:12-CV-0037 (LEK/DEP), 2013 WL 1183290 at *2 (N.D.N.Y. Mar. 21, 2013).[1]

-------------------------------------------------

    [1]Plaintiff argues that the burden is on defendants to demonstrate that there is a significant change in the facts or law or no risk of asset dissipation (Letter from Anderson J. Duff, Esq., to the undersigned, dated Aug. 18, 2017 (D.I. 52) ("Duff Letter"), at 2).  However, this is the standard when a party is seeking to modify an injunction that was issued after a hearing at which all parties were afforded the right to be heard; the standard is not applicable to a motion that seeks to modify a temporary restraining order issued on an ex parte basis.  See, e.g., Securities & Exch. Comm'n v. CKB168 Holdings, Ltd., No. 13-CV-5584 (RRM), 2017 U.S. Dist. LEXIS 96045 at *7, *12-*13 (E.D.N.Y. June 20, 2017) (Report & Recommendation); Lawsky v. Condor Capital Corp., 14 Civ. 2863 (CM), 2014 WL 3858496 at *3, (continued...)

Thus, plaintiff has the burden of demonstrating (1) a likelihood
of success on the merits; (2) a likelihood that it will suffer
irreparable harm if the temporary restraining order is not
continued; (3) that the balance of hardships is in its favor and
(4) that the relief is in the public interest.  JBR, Inc. v.
Keurig Green Mountain, Inc., 618 F. App'x 31, 33 (2d Cir. 2015)
(summary order), citing Salinger v. Colting, 607 F.3d 68, 79-80
(2d Cir. 2010)[2]; Taylor v. Taylor, supra, 2013 WL 1183290 at *2.

          Because irreparable harm is a "sine qua non" for a
temporary restraining order or preliminary injunction, JBR, Inc.
v. Keurig Green Mountain, Inc., supra, 618 F. App'x at 33;
Johnson v. Miles, 355 F. App'x 444, 446 (2d Cir. 2009) (summary
order), plaintiff must "first demonstrate that irreparable harm
would be likely in the absence of a" temporary restraining order
before the other requirements above are considered.  JBR, Inc. v.
Keurig Green Mountain, Inc., supra, 618 F. App'x at 33 (internal

---

[1](...continued)
*5 (S.D.N.Y. Aug. 1, 2014) (McMahon, D.J.).

[2]Although JBR, Inc. v. Keurig Green Mountain, Inc., supra,
618 F. App'x at 31, concerned a preliminary injunction, "[t]he
legal standards governing preliminary injunctions and temporary
restraining orders are the same."  C.D.S., Inc. v. Zetler, 217 F.
Supp. 3d 713, 716 n.1 (S.D.N.Y. 2016) (Marrero, D.J.); accord
Toray Int'l Am. Inc. v. Nakayama, 14 Civ. 3016 (GHW), 2014 WL
12543817 at *1 (S.D.N.Y. Apr. 29, 2014) (Woods, D.J.).  Accord-
ingly, cases addressing the former are equally applicable to
cases involving the latter.

quotation marks omitted); <u>accord</u> <u>Natera, Inc. v. Bio-Reference</u>
<u>Labs., Inc.</u>, 16 Civ. 9514 (RA), 2016 WL 7192106 at *2 (S.D.N.Y.
Dec. 10, 2016) (Abrams, D.J.); <u>Marblegate Asset Mgmt. v. Educa-</u>
<u>tion Mgmt. Corp.</u>, 75 F. Supp. 3d 592, 605 (S.D.N.Y. 2014) (Faill-
a, D.J.) ("Irreparable harm is the single most important prereq-
uisite for the issuance of a [temporary restraining order], and
[i]n the absence of a showing of irreparable harm, a motion for a
[temporary restraining order] should be denied." (second alter-
ation in original; internal quotation marks omitted)).  "The
movant must demonstrate an injury that is neither remote nor
speculative, but actual and imminent and that cannot be remedied
by an award of monetary damages." <u>Rodriguez ex rel. Rodriguez v.</u>
<u>DeBuono</u>, 175 F.3d 227, 234 (2d Cir. 1999) (<u>per</u> <u>curiam</u>) (internal
quotation marks omitted); <u>accord</u> <u>Grand River Enter. Six Nations,</u>
<u>Ltd. v. Pryor</u>, 481 F.3d 60, 66 (2d Cir. 2007) (<u>per</u> <u>curiam</u>).
"Since monetary injury generally does not constitute irreparable
harm, 'a plaintiff seeking damages must prove either that the
defendant took steps to frustrate a future judgment or that the
defendant is or imminently will be insolvent' in order to" show
irreparable harm.  <u>Shaoxing Bon Textiles Co. v. 4-U Performance</u>
<u>Grp. LLC</u>, 16 Civ. 6805 (JSR), 2017 WL 737315 at *3 (S.D.N.Y. Feb.
6, 2017) (Rakoff, D.J.), <u>quoting</u> <u>Sterling Ornaments Pvt. Ltd. v.</u>
<u>Hazel Jewelry Corp.</u>, 14 Civ. 8822 (JSR), 2015 WL 3650182 at *1

8

(S.D.N.Y. June 10, 2015) (Rakoff, D.J.); accord Pivotal Payments,
Inc. v. Phillips, No. CV 14-4910 (GRB), 2014 WL 6674621 at *3
(E.D.N.Y. Nov. 25, 2014) (a temporary restraining order is
"appropriate only upon showing that the defendant intended to
frustrate any judgment on the merits by transferring its assets
out of the jurisdiction." (internal quotation marks omitted));
Pamlab, L.L.C. v. Macoven Pharm., L.L.C., 881 F. Supp. 2d 470,
480 (S.D.N.Y. 2012) (Francis, M.J.) ("[C]ourts that have found
irreparable injury because of the risk that a judgment will not
be satisfied have required a showing that the defendant is
insolvent, is on the verge of insolvency, or has tried to trans-
fer or conceal assets.").

        "[W]hile a prima facie case of copyright infringement
generally gives rise to a presumption of irreparable harm," this
presumption applies to the consequences of a defendant's contin-
ued infringement; the prima facie case of infringement does not
give rise to a presumption that a defendant's cash assets need to
be restrained to prevent irreparable harm.  See Kebapci v. Tune
Core Inc., No. 15-CV-7141 (ENV)(ST), 2016 WL 6804919 at *4
(E.D.N.Y. Nov. 16, 2016).  "[T]he facts and the presumption
[would be] a mismatch."  Kebapci v. Tune Core Inc., supra, 2016
WL 6804919 at *4.

B.  Application of the
    Foregoing Legal Principles

      Plaintiff's arguments in its initial application for
the Asset Restraining Order can be broken down in two categories.
Plaintiff first claimed that defendants have repeatedly misrepre-
sented and hidden their ownership of <flltrust.com> and the
products it offered, as well as defendants' location and identi-
ties,[3] and that the individual defendant has an "unrepentant
history of harassing [plaintiff] with the intent of disrupting
its business" (Memorandum of Law in Support of Plaintiff's Ex
Parte Application for a Temporary Restraining Order, Order to
Disable Websites, Asset Restraining Order, Expedited Discovery
Order, and Order to Show Cause for Preliminary Injunction, dated
Mar. 14, 2017 (D.I. 23), at 27; Supp. Mem., at 2-3, 7-8, 12).
Second, plaintiff claimed that defendants are not located in the
United States, do not have a bank account or other assets in the
United States and can easily move money out of this country

---

      [3]For example, plaintiff argued that defendants used a "WHOIS
privacy protection service to obfuscate the true ownership of the
Infringing Website" (Supp. Mem., at 2).  It also argued that
defendants listed false identifying information in its counter-
notices to plaintiff's DMCA notices, which plaintiff claimed
demonstrated that defendants "will not be punished for intention-
ally fraudulent statements that allow [them] to continue exploit-
ing Plaintiff's works and defrauding consumers in the United
States" (Supp. Mem., at 6-8).

through PayPal (Supp. Mem., at 2-4, 6, 9, 11-12). Based on the foregoing, plaintiff argued that (1) "[d]efendants believe they are 'above the law,' [and] any indication that they might face meaningful penalties in the United States would cause them to take any and all steps necessary to frustrate a court's enforcement of its mandated penalties, including secreting or transferring" assets, (2) "[s]ince Defendants freely and repeatedly perjure themselves,[4] it is safe to assume Defendants will remove assets from the United States through the simple click of a button in PayPal or a similar application" and (3) "[i]t is almost certain that Defendants, once realizing that they might have to face the music, would smash their stereos and remove their assets from the financial service providers used to siphon money to as yet unknown accounts or third parties" (Supp. Mem., at 1-2, 9, 13 (footnote added)).

   Plaintiff raises four new arguments in opposing defendants' current motion.  First, plaintiff argues that defendants

---

[4]In support of this assertion, plaintiff argued that defendants filed DMCA counter-notices with false identifying information (Supp. Mem., at 6-8).  Pursuant to Title 17 of the United States Code, Section 512(g)(3)(C), the counter-notice includes a statement, under penalty of perjury, that "the subscriber has a good faith belief that the material was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled."  The counter-notice also includes the subscriber's name, address and telephone number.  17 U.S.C. § 512(g)(3)(D).

11

used multiple aliases and email addresses for their payment processing accounts (Plaintiff's Reply to Defendants' Motion to Dissolve or Modify the Ex Parte Asset Restraining Order, dated Aug. 16, 2017 (D.I. 50) ("Pl.'s Reply"), at 1-2, 5).   Second, plaintiff claims that the individual defendant perjured himself when he declared that the only accurate depiction of <flltrust.com> submitted by plaintiff appeared on pages 15 and 16 of the complaint (Pl.'s Reply, at 6-7, citing Declaration of Milad Oskouie in Opposition to Plaintiff's Application for a Preliminary Injunction, dated June 28, 2017 (D.I. 27) ("Oskouie First Decl.") ¶ 18) and when he declared that he had never heard of Jerome Kohlberg or used that name (Pl.'s Reply, at 7, citing Oskouie First Decl. ¶ 33).   According to plaintiff, "Exhibit 2 [of plaintiff's Reply Memorandum of Law] shows that [the individual defendant] used that name to open a PayPal account" (Pl.'s Reply, at 7).   Third, plaintiff argues that defendants have commingled assets from sales made on multiple websites (Pl.'s Reply, at 2-5).   Fourth, plaintiff complains that defendants are guilty of undue delay, having waited two and one-half months after the Asset Restraining Order was issued before making this motion (Duff Letter, at 2).

        Plaintiff has failed to demonstrate imminent, irreparable harm if the Asset Restraining Order were dissolved.   As a

12

threshold matter, plaintiff has offered no evidence in support of its claim of irreparable injury. Plaintiff has not submitted any affidavits or other material of evidentiary weight to support its allegation of irreparable injury. Rather, all it offers are counsel's unsworn statements in briefs and correspondence. Such submissions are not evidence. "An attorney's unsworn statements in a brief are not evidence." Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam); accord Immigration & Naturalization Serv. v. Phinpathya, 464 U.S. 183, 188 n.6 (1984); Sanchez v. New York Kimchi Catering, Corp., 16 Civ. 7784 (LGS), 2017 WL 2799863 at *4 (S.D.N.Y. June 28, 2017) (Schofield, D.J.); Markowitz Jewelry Co. v. Chapal/Zenray, Inc., 988 F. Supp. 404, 407 (S.D.N.Y. 1997) (Kaplan, D.J.); see Mei Shu Cai v. Holder, 524 F. App'x 752, 754 (2d Cir. 2013) (summary order).

Moreover, even if I credit plaintiff's unsworn assertions, they are insufficient to demonstrate that plaintiff will likely suffer irreparable harm if defendants' assets are not restrained. First, while defendants' efforts to conceal their identities and location -- as claimed in plaintiff's initial application -- are troubling, there is no evidence that defendants did so in an effort to frustrate a judgment rather than hide their alleged infringement. See footnote 3, supra. "[A] court may not rest its finding of the likelihood of future harm

13

solely on . . . past . . . conduct, and [plaintiff] relies almost
entirely on evidence of [defendants'] past fraudulent conduct in"
the infringement context. <u>Toray Int'l Am. Inc. v. Nakayama</u>,
<u>supra</u>, 2014 WL 12543817 at *1 (internal quotation marks and
citation omitted); <u>see also</u> <u>Wareh v. Lesperance</u>, 16 Civ. 6210
(JGK), 2016 WL 5477784 at *6 n.5 (S.D.N.Y. Sept. 29, 2016)
(Koeltl, D.J.) (rejecting argument that "injunctive relief is
warranted because the defendant, through his allegedly fraudulent
course of conduct [before the commencement of the action], has
demonstrated that he is likely to conceal . . . assets to render
himself judgment proof" and noting that cases cited by plaintiff
were distinguishable because "[e]ach case involved the substan-
tial risk of the defendant evading an actual money judgment, as
opposed to a hypothetical one, or other extreme circumstances not
present here"). Absent any <u>evidence</u> that defendants either have
secreted assets or are about to do so in an effort to frustrate a
future judgment, this argument fails.[5]

---

[5]In addition, defendants have appeared in this action and
asserted counterclaims. Stated simply, they are not currently
hiding or evading the jurisdiction of the Court. <u>Cf</u>. <u>JSC Foreign</u>
<u>Econ. Ass'n Technostroyexport v. International Dev. & Trade</u>
<u>Servs., Inc.</u>, 295 F. Supp. 2d 366, 390 (S.D.N.Y. 2003) (Koeltl,
D.J.) (declining to find irreparable harm where the defendants
were "subject to continuing scrutiny in the course of discovery
in [the] case" and were in the court's jurisdiction, and there
was no "suggestion that they would flee or would not be subject
                                                    (continued...)

Although plaintiff now argues that defendants used aliases for their payment processing accounts as well, plaintiff has offered only one piece of "evidence" demonstrating this, namely a print-out of a PayPal account for "Jerome Buddy" with one mailing address belonging to "Jerome Kohlberg" (Pl.'s Reply, Ex. 2). This "evidence" still does not establish that defendants have taken steps or will imminently take steps with the specific intention of frustrating a future judgment. The print-out of the account shows that the account was created in July 2016, before plaintiff commenced this action (Pl.'s Reply, Ex. 2); thus, there is little reason to infer that defendants created the alias to frustrate a judgment.[6]

To the extent plaintiff relies on the individual defendant's alleged perjury in opposing the Asset Restraining Order, including his statement that he has never heard of Jerome Kohlberg, such an argument fails because the allegedly false

---

[5](...continued)
to the continuing orders of the Court").

[6]Defendants' use of multiple email addresses does not establish a likelihood that defendants will secrete assets to frustrate a future judgment. There is no logical connection between having multiple email addresses and an intent to defraud potential creditors.

statements do not bear on plaintiff's ability to collect a
judgment or suggest an intent to hide assets.[7]

Second, plaintiff's argument that defendants can use
PayPal, or have used PayPal, to secrete assets fails.  Plaintiff
has not shown that defendants have transferred assets from
payment processors such as PayPal to foreign banks in order to
frustrate a future judgment, as opposed to transferring assets in
the normal course of defendants' businesses.[8]  See, e.g., Ster-
ling Ornaments Pvt. Ltd. v. Hazel Jewelry Corp., supra, 2015 WL
3650182 at *1 (use of money to finance purchase of a home did not
reflect an effort to frustrate a judgment); Fox Ins. Co. v.
Envision Pharm. Holdings, Inc., No. CV-09-0237 (SJF)(ARL), 2009
WL 790312 at *8 (E.D.N.Y. Mar. 23, 2009) ("Envision has not
established that plaintiffs have completed any actions with the
specific intent to frustrate any judgment in favor of Envision on
its counterclaims . . . ." (emphasis added)).

---

[7]If plaintiff believes that the individual defendant commit-
ted perjury and can prove it, its remedy lies in a motion for
sanctions, not in a temporary restraining order freezing defen-
dants' assets.

[8]In addition to the allegedly infringing website, defendants
operate another website that offers goods and services for sale
(Declaration of Milad Oskouie in Support of Defendants' Motion to
Dissolve or Modify the Ex Parte Asset Restraining Order, dated
Aug. 16, 2017 (D.I. 48) ("Oskouie Third Decl.") ¶ 8).

Third, although plaintiff argued that it is "safe to
assume," or that it is "almost certain," that defendants would
remove assets from the United States (Supp. Mem., at 9, 13), such
arguments are little more than speculation and demonstrate, at
most, that there is a possibility that defendants would secrete
assets to frustrate a judgment.  As stated above, a plaintiff
seeking to continue a temporary restraining order must prove more
than a mere possibility of irreparable harm; instead, a plaintiff
must demonstrate a likelihood of irreparable harm.  JSG Trading
Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990).

Fourth, plaintiff's "proof" in support of its conten-
tion that defendants are commingling assets is extremely weak.
Plaintiff first attaches screen shots of purchases it claims it
made from <TheUniTutor.com>, another of defendants' websites
(Oskouie Third Decl. ¶ 8), and <flltrust.com>, which purport to
show that the same email address was used to process plaintiff's
payments (Pl.'s Reply, at 3-4).  However, there is no screen shot
showing that plaintiff actually made a purchase from
<TheUniTutor.com>.  Second, plaintiff attached a summary of
defendants' Stripe accounts, which showed the same email address
for three of the accounts (Pl.'s Reply, at 2 & Ex. 4).  However,
these are separate Stripe accounts, and plaintiff has presented
no evidence that that one email address is connected to the same

17

bank account.  Moreover, even if defendants are commingling assets, without more, that does not demonstrate that defendants are secreting assets to frustrate a future judgment or will imminently do so.

Finally, although defendants did wait one and one-half months to move to dissolve or modify the Asset Restraining Order, a rational explanation for the delay is that defendants assumed the Asset Restraining Order was temporary.  The temporary restraining order was extended on August 9, 2017, and defendants brought their motion only one week later.  In addition, if plaintiff is attempting to mount some sort of laches argument in response to defendants' motion, plaintiff has failed to establish an essential element of laches -- prejudice as a result of the delay.  In re Gucci, 197 F. App'x 58, 60 (2d Cir. 2006) (summary order); accord Maloul v. New Colombia Res., Inc., 15 Civ. 8710 (KPF), 2017 WL 2992202 at *6 (S.D.N.Y. July 13, 2017) (Failla, D.J.); Cooley v. Penguin Grp. (USA) Inc., 31 F. Supp. 3d 599, 612 (S.D.N.Y. 2014) (Kaplan, D.J.).

> In short, plaintiff does
>
>> not point to any evidence tending to show that [defendants] [are] planning on removing [their] assets in an effort to frustrate any [judgment], or that [defendants] [have] been hiding or secreting away assets . .-
>> . .

18

> . . . At best, [plaintiff] [has] demonstrated that
> there exists some chance that [it] may not be able to
> collect on judgment in [its] favor, falling far short
> of establishing irreparable harm.

Local 1303-362 v. KGI Bridgeport Co., No. 3:12cv1785 (AWT), 2014

WL 555355 at *3 (D. Conn. Feb. 10, 2014) (emphasis in original;

footnote omitted).  While plaintiff's arguments may have been

sufficient to justify temporary relief on an ex parte basis, they

are no longer sufficient now that defendants have had an opportu-

nity to be heard.

Because plaintiff has not met its burden of demonstrat-

ing irreparable harm, it is not necessary to consider whether

plaintiff has demonstrated a likelihood of success on the merits,

whether the balance of hardships is in its favor or whether the

relief is in the public interest.  See Rodriguez ex rel. Rodri-

guez v. DeBuono, supra, 175 F.3d at 234 ("In the absence of a

showing of irreparable harm, a motion for a [temporary restrain-

ing order] should be denied.").[9]

IV.  Conclusion

For the foregoing reasons, I respectfully recommend

that defendants' motion to dissolve the Asset Restraining Order

---

[9]There is also no need to reach defendants' alternative
argument that dissolution or modification of the Asset Restrain-
ing Order is justified because it is too broad.

19

be granted without prejudice to a renewed application by plain-
tiff supported by evidence that defendants have secreted, or will
likely secrete, assets with the intention of frustrating a future
judgment.

V.   Objections

          Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of
the Federal Rules of Civil Procedure, the parties shall have
fourteen (14) days from receipt of this Report to file written
objections.   See also Fed.R.Civ.P. 6(a).   Such objections (and
responses thereto) shall be filed with the Clerk of the Court,
with courtesy copies delivered to the Chambers of the Honorable
Ronnie Abrams, United States District Judge, 40 Foley Square,
Room 2203, and to the Chambers of the undersigned, 500 Pearl
Street, Room 1670, New York, New York 10007.   Any requests for an
extension of time for filing objections must be directed to Judge
Abrams.   FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT
IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.
Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male
Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension
Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v.

<u>Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992); <u>Wesolek v. Canadair</u>

<u>Ltd.</u>, 838 F.2d 55, 57-59 (2d Cir. 1988); <u>McCarthy v. Manson</u>, 714

F.2d 234, 237-38 (2d Cir. 1983) (<u>per</u> <u>curiam</u>).

Dated:   New York, New York
         September 8, 2017

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All counsel of record