UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY
FILED
DOC#:
DATE FILED: 10/23/17

| | |
|---|---|
| BMADDOX ENTERPRISES LLC, <br><br> Plaintiff, <br> v. <br><br> MILAD OSKOUIE, OSKO M LTD, and PLATINUM AVENUE HOLDINGS PTY, LTD, <br><br> Defendants. | |
| MILAD OSKOUIE and PLATINUM AVENUE HOLDINGS PTY, LTD, <br><br> Counterclaimants, <br><br> v. <br><br> BMADDOX ENTERPRISES LLC and BRANDON MADDOX, <br><br> Counterdefendants. | No. 17-CV-1889 (RA) <br><br> ORDER |

RONNIE ABRAMS, United States District Judge:

Before the Court is the September 8, 2017 Report and Recommendation ("Report") of United States Magistrate Judge Pitman, Dkt. 58, recommending that the Asset Restraining Order ("Order") currently in place be dissolved without prejudice to a renewed application by Plaintiff. On September 12, 2017, Plaintiff BMaddox Enterprises, LLC filed a Memorandum of Law in Opposition to the Motion to Vacate, which this Court construes as its objections to the Report. *See* Dkt. 59. Defendants submitted a letter in response to Plaintiff's submission on September 13, 2017. Dkt. 62. On September 22, 2017, Plaintiff filed additional objections to the Report, Dkt. 65, to

which Defendants responded, Dkt. 69. The Court adopts the Report and dissolves the Order without prejudice to a renewed application by Plaintiff.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under Federal Rule of Civil Procedure 72(b)(2), a party may make "specific written objections to the proposed findings and recommendations" within fourteen days of being served with a copy of a magistrate judge's recommended disposition. A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *George v. Prof'l Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433 (S.D.N.Y. 2016) (quotation omitted); *see also Vega v. Artuz*, No. 97-CV-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.").

The Court need not decide whether to review the Report de novo or for clear error, as it finds no error, clear or otherwise, in Judge Pitman's conclusion that Plaintiff has not met its burden of demonstrating that it will likely suffer irreparable harm if Defendants' assets are not restrained.

Plaintiff argues that the Report did not consider, or give adequate weight, to the fact that Defendants' conduct was likely willful, or "the scope of the infringing activity alleged, the nature of the business engaged in by the infringing activity, and whether the business has a fixed location or is a fly-by-night operation." Dkt. 59 at 6 (internal quotations omitted). The case Plaintiff relies on, *Moose Toys Pty Ltd. v. Thriftway Hylan Blvd. Drug Corp.*, No. 15-CV-4483 (DLI) (MDG),

2015 WL 4772173 (E.D.N.Y. Aug. 6, 2016), discusses these considerations in deciding to grant a seizure order. Notably, however, *Moose Toys* held that there was an insufficient basis to issue an asset restraining order, even though it found that a seizure order was appropriate. *Id.* at *5. Moreover, although Plaintiff's statement that "federal courts have found preliminary injunctions appropriate where it has been shown that the defendant intended to frustrate any judgment on the merits by transfer[ring assets] out of the jurisdiction," Dkt. 59 at 8 (alteration in original) (quoting *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985)), is an accurate recitation of the law, the Report rightly concluded that Plaintiff simply has not met its burden of demonstrating that Defendants intend to frustrate a judgment.

Plaintiff also argues that Defendants' alleged misrepresentations before the Court justify continuing the Order. Plaintiff points to *In re Feit*, where the court found that freezing the assets of a defendant was appropriate after, among other actions, the defendant had demonstrated "blatant disregard for court orders and the obligation to testify truthfully under oath." 760 F.2d at 411 (internal quotation marks omitted). But the comparison is inapt. First, Defendants' behavior in this case does not rise to the level of the defendant in *Drexler*. Second, *Drexler* rested more squarely on the defendant's documented and repeated efforts to hide her assets, of which her false representations were a part. *Id.* at 416. Here, as the Report rightly noted, evidence of similar asset-hiding in order to frustrate a judgment is absent, and Plaintiff cannot currently meet its burden to maintain the Order.

Plaintiff next takes issue with the Report's conclusion that Plaintiff "has offered no evidence in support of its claim of irreparable injury." Dkt. 58 at 13. The Report noted that Plaintiff has offered only counsel's unsworn statements to show irreparable injury—statements which do not constitute evidence. *Id.* Plaintiff does not dispute that it has offered only unsworn statements,

but nonetheless argues that the Report's finding of "no evidence," *id.*, is "clearly erroneous," Dkt. 65 at 3, in light of the information contained in Defendant Oskouie's declarations. Those declarations, Plaintiff argues, paint a conflicting picture: continuing revenue from e-commerce websites, and yet negligible finances in the various accounts of Defendant Oskouie. *Id.* at 4. From this, Plaintiff urges the Court to conclude that Defendant Oskouie must be insolvent or imminently insolvent. *Id.* at 5.

While Plaintiff is correct that a showing that Defendant is or imminently will be insolvent could establish irreparable harm, *see, e.g.*, *Shaoxing Bon Textiles, Co., Ltd. v. 4-U Performance Grp. LLC*, No. 16-CV-6805 (JSR), 2017 WL 737315, at *3 (S.D.N.Y. Feb. 6, 2017), its one-page recitation of the balances of the accounts that Defendant Oskouie has submitted is insufficient evidence of insolvency. As Plaintiff itself acknowledges, "only Defendants know whether they are solvent." Dkt. 65 at 7. And if Defendant Oskouie is not insolvent, Plaintiff concludes, then he must be hiding money. *Id.* at 5. These arguments rest on the assumption that Defendants must demonstrate why the Order should be dissolved. But the burden is on Plaintiff, and the Court cannot speculate about solvency and asset-hiding at this early stage absent more evidence. The Report's conclusions about Plaintiff's lack of irreparable-injury evidence are not erroneous.

Plaintiff's other objections amount to disagreements with how the Report viewed and characterized the record. The Court see no error with the Report's characterizations of various pieces of evidence as insufficient to meet Plaintiff's burden.

For the foregoing reasons, the Court adopts Judge Pitman's thorough and well-reasoned Report in its entirety. The Order currently in place, Dkt. 15, is dissolved without prejudice to a renewed application by Plaintiff.

SO ORDERED.

Dated:    October 23, 2017
           New York, New York

Ronnie Abrams
United States District Judge