UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

BMADDOX ENTERPRISES LLC,

        Plaintiff,

v.

MILAD OSKOUIE, OSKO M LTD, and PLATINUM AVENUE HOLDINGS PTY, LTD,

        Defendants.

---

No. 17-CV-1889 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    The Court has received the attached letter from Defendant Milad Oskouie. Mr. Oskouie is advised that all communications with the Court should be mailed to the pro se office at the following address:

    United States District Court, Southern District of New York
    Pro Se Intake Unit
    Room 200
    500 Pearl Street
    New York, NY 10007

SO ORDERED.

Dated:    November 6, 2018
           New York, New York

                                                  Ronnie Abrams
                                                  United States District Judge

1 November 2018

***BMaddox Enterprises v. Oskouie, et al., No. 17-CV-1889 (RA)(HBP)***

Via email: abrams_nysdchambers@nysd.uscourts.gov

Dear Judge Abrams,

It has come to my attention that Plaintiff's counsel filing of 1 May 2018 (ECF No. 147) contained additional false statements than those initially disclosed in my email of 28 August 2018.

In Ehsan Hosseinzadeh's declaration (ECF 147-1) at paragraph 5, he states:

> *Our law firm is listed by the British Embassy in Tehran as a "recommended" firm in Tehran, Iran. We are often involved in reviewing government documents for authenticity.*

As I have confirmed earlier, Ehsan Hosseinzadeh is neither a lawyer nor legal professional in Iran. However, I have also become aware that the statement he made above is also false.

The British Embassy in Tehran specifically states at https://assets.publishing.service.gov.uk/government/uploads/system/uploads/attachment_data/file/543363/Iran_Lawyers_List.pdf that:

> *Our aim is to provide our customers with as much relevant information to enable them to make better informed decisions but our lists are not recommendations and should not be treated as such.*

I have spoken to the British Embassy in Tehran in person and informed them of the false credentials of Ehsan Hosseinzadeh and they have informed me that they filed a police complaint against him.

It is disturbing that the Plaintiff's counsel has now submitted unequivocally false declarations on 2 occasions (ECF 195). Even undertaking the most simple of due diligence is too burdensome or demanding for Plaintiff's counsel.

That said, however, upon a further review of these actions, it is unsurprising given the fact that Plaintiff's counsel was charged and prosecuted for attempting to commit burglary at a children's school.


Regards


Milad Oskouie