```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BMADDOX ENTERPRISES LLC,           :

                  Plaintiff,       :    17 Civ. 1889 (RA)(HBP)

     -against-                     :    OPINION
                                        AND ORDER
MILAD OSKOUIE, et al.,             :

                  Defendants.      :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By notice of motion dated September 7, 2017, plaintiff BMaddox Enterprises LLC ("BMaddox") and plaintiff's principal and counterclaim defendant Brandon Maddox (collectively "plaintiffs") seek an Order imposing sanctions on defendants Milad Oskouie, Osko M Ltd. and Platinum Avenue Holdings Pty, Ltd. pursuant to Rule 11 of the Federal Rules of Civil Procedure (Plaintiff & Counterclaim Defendants' Motion for Sanctions Against Defendants & Counterclaimants Pursuant to Fed.R.Civ.P. 11, dated Sept. 7, 2017 (Docket Item ("D.I.") 55)). By notice of motion dated March 13, 2018, plaintiffs also seek an Order imposing sanctions on defendants pursuant to the Court's inherent power (Plaintiff & Counterclaim Defendants' Second Motion for Sanctions, dated Mar.

13, 2018 (D.I. 112)).  By notice of motion dated March 29, 2018, defendants cross-move for Rule 11 sanctions against plaintiffs (Notice of Motion, dated Mar. 29, 2018 (D.I. 128)).  By notice of motion dated April 5, 2018, plaintiffs seek a second Order imposing sanctions on defendants pursuant to the Court's inherent power (Plaintiff & Counterclaim Defendants' Third Motion for Sanctions, dated Apr. 5, 2018 (D.I. 137)).  By notice of motion dated June 18, 2018, plaintiffs seek a second Order for Rule 11 sanctions against defendants (Plaintiff & Counterclaim Defendants' Motion for Sanctions Against Defendants & Counterclaimants Pursuant to Fed.R.Civ.P. 11, dated June 18, 2018 (D.I. 161)).

For the reasons set forth below, plaintiffs' motions are denied, and defendants' cross-motion is denied.

II. <u>Background</u>[1]

BMaddox commenced this action on March 14, 2017, asserting claims for copyright infringement pursuant to 17 U.S.C. §§ 501 et seq., violation of the Digital Millennium Copyright Act

---

[1] The facts underlying this action are summarized in my September 8, 2017 Report and Recommendation.  <u>BMaddox Enters. LLC v. Oskouie</u>, 17 Civ. 1889 (RA)(HBP), 2017 WL 9534738 (S.D.N.Y. Sept. 8, 2017) (Pitman, M.J.) (Report & Recommendation), <u>adopted at</u>, 2017 WL 479706 (S.D.N.Y. Oct. 23, 2017) (Abrams, D.J.).  Familiarity with that Report and Recommendation is assumed.  I recite only those facts relevant to resolving the present motions.

pursuant to 17 U.S.C. § 512(f), false and misleading advertising pursuant to Section 43 of the Lanham Act, 15 U.S.C. § 1125, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), common law misappropriation of trade secrets and deceptive trade practices pursuant to New York General Business Law § 349 (Complaint and Demand for Jury Trial, dated Mar. 14, 2017 (D.I. 6) ¶¶ 63-140). On July 25, 2017, defendants filed their answer and counterclaims against plaintiffs (Verified Answer to Complaint and Counterclaims, dated July 25, 2017 (D.I. 32) ("Ans.")). Defendants' counterclaims include claims for violations of the Anticybersquatting Consumer Protection Act pursuant to 15 U.S.C. §§ 8131 and 1125(d), defamation per se and trade libel, false advertising pursuant to Section 43 of the Lanham Act, 15 U.S.C. § 1125, unfair competition, tortious interference with contractual relations and prospective contractual relations, violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g), violation of the Digital Millennium Copyright Act, 17 U.S.C. § 512(f), monopolization and attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, trespass to chattels, intentional infliction of emotional distress, invasion of privacy under South Dakota law and violation of New York Civil Rights Law §§ 50-51 (Ans. ¶¶ 140-94, 203-48). Defendants also seek declarations of the invalidity of plaintiff's

copyrights and of their non-infringement of any copyrights owned by plaintiffs (Ans. ¶¶ 195-202).

Plaintiffs filed their first motion for sanctions pursuant to Fed.R.Civ.P. 11 on September 7, 2017, claiming that defendants wilfully misrepresented facts in their initial filings, asserted frivolous legal arguments in their motion for a temporary restraining order and asserted frivolous counterclaims; plaintiffs sought dismissal of defendants' counterclaims (Plaintiff & Counterclaim Defendants' Motion for Sanctions Against Defendants & Counterclaimants Pursuant to Fed.R.Civ.P. 11, dated Sept. 7, 2017 (D.I. 55)). Plaintiffs subsequently moved to dismiss defendants' counterclaims on the merits (Counterclaim Defendants' Motion to Dismiss Counterclaim Plaintiffs' Counterclaims, dated Sept. 27, 2017 (D.I. 67)). That motion remains pending.

On March 6, 2018, after an in-court discovery conference, I ordered defendants to produce all documents that are responsive to plaintiff's November 6, 2017 document request no later than March 20, 2018 (Order, dated Mar. 6, 2018 (D.I. 111)). A week later, on March 13, 2018, plaintiffs filed their second motion for sanctions (Plaintiff & Counterclaim Defendants' Second Motion for Sanctions, dated Mar. 13, 2018 (D.I. 112)), seeking relief pursuant to the Court's inherent power for defendants'

4

alleged harassment of plaintiffs, plaintiffs' counsel and third parties (Plaintiff & Counterclaim Defendants' Brief in Support of Their Second Motion for Sanctions, dated Mar. 13, 2018 (D.I. 113)). After filing a motion to stay the action for six months (Notice of Motion, dated Mar. 14, 2018 (D.I. 116)), defendants cross-moved for sanctions pursuant to Fed.R.Civ.P. 11 (Notice of Motion, dated Mar. 29, 2018 (D.I. 128)).

Plaintiffs filed their third motion for sanctions on April 5, 2018 (Plaintiff & Counterclaim Defendants' Third Motion for Sanctions, dated Apr. 5, 2018 (D.I. 137)), again seeking sanctions pursuant to the Court's inherent power for defendants' allegedly meritless filings and frivolous legal arguments, including defendants' March 29, 2018 cross-motion for sanctions (Plaintiff & Counterclaim Defendants' Memorandum in Support of Their Third Motion for Sanctions, dated Apr. 5, 2018 (D.I. 138)). After an in-court discovery conference on May 2, 2018, I ordered plaintiffs to file a supplemental submission that set out defendants' discovery defaults (Order, dated May 3, 2018 (D.I. 148)); plaintiffs filed their supplemental memorandum of law and an accompanying declaration by counsel on May 16, 2018 (Plaintiff & Counterclaim Defendants' Supplemental Memorandum in Support [of] Their Third Motion for Sanctions, dated May 16, 2018 (D.I. 153); Declaration of Anderson J. Duff, dated May 16, 2018 (D.I. 154)).

5

On May 11, 2018, defendants' counsel moved to withdraw from his representation of defendants (Notice of Motion, dated May 11, 2018 (D.I. 149)). The Honorable Ronnie Abrams, United States District Judge granted defendants' counsel's motion to withdraw on August 30, 2018 and stayed the action until October 5, 2018, by which time Oskouie was ordered to advise the Court whether he had obtained new counsel or would be proceeding pro se (Order, dated Aug. 30, 2018 (D.I. 169)). By email dated October 5, 2018, Oskouie advised the Court that he would be proceeding pro se.

III. Analysis

    A. Applicable Legal Standards

        1. Sanctions Pursuant to Fed.R.Civ.P. 11

Rule 11 provides that

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed.R.Civ.P. 11(c)(2).

6

> Rule 11 and principles of due process require that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense."

Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (per curiam), quoting Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999).

"[T]he 'safe-harbor provision [of Rule 11] is a strict procedural requirement' and '[a]n informal warning . . . without service of a separate Rule 11 motion is not sufficient.'" Chong v. Kwo Shin Chang, 599 F. App'x 18, 19 (2d Cir. 2015) (summary order), quoting Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., supra, 682 F.3d at 175; accord Sarachek v. Aaronson, 18 Civ. 8393 (NSR), 2019 WL 3456888 at *3 (S.D.N.Y. July 31, 2019) (Román, D.J.) ("A movant's failure to comply with the procedural requisites will result in the denial of the motion."); Behrens v. JPMorgan Chase Bank N.A., 16 Civ. 5508 (VSB), 2019 WL 1437019 at *14 (S.D.N.Y. Mar. 31, 2019) (Broderick, D.J.) (collecting cases); Nardoni v. City of New York, 17 Civ. 2695 (GHW)(GWG), 2019 WL 542349 at *4 (S.D.N.Y. Feb. 12, 2019) (Gorenstein, M.J.) (Report & Recommendation),

7

adopted at, 2019 WL 952333 (S.D.N.Y. Feb. 27, 2019) (Woods, D.J.).

        2. Sanctions Pursuant to
           the Court's Inherent Power

An award of sanctions under the Court's inherent power requires a finding that the offending party "acted in bad faith, vexatiously, wantonly or for oppressive reasons." Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991); accord Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., supra, 682 F.3d at 178; In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000) (party seeking sanctions under court's inherent power must make showing sufficient to support "a finding of conduct constituting or akin to bad faith"). Sanctions under the Court's inherent power may also be imposed made where a litigant has perpetrated a fraud upon the Court. McMunn v. Mem'l Sloan-Kettering Cancer Ctr., 191 F. Supp. 2d 440, 445 (S.D.N.Y. 2002) (Buchwald, D.J.) ("[A] fraud upon the court occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or

unfairly hampering the presentation of the opposing party's claim or defense." (internal quotation marks omitted)).

"[B]ad faith may be inferred only if actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2012) (internal quotation marks omitted) (emphasis added). "When a lower court sanctions a litigant for bad faith, the court must outline its factual findings with 'a high degree of specificity.'" Huebner v. Midland Credit Mgmt., Inc., 897 F.3d 42, 53 (2d Cir. 2018), cert. denied, 139 S. Ct. 1282 (2019), quoting Virginia Props., LLC v. T-Mobile Northeast LLC, 865 F.3d 110, 113 (2d Cir. 2017); accord Milltex Indus. Corp. v. Jacquard Lace Co., Ltd., 55 F.3d 34, 38 (2d Cir. 1995); Oliveri v. Thompson, 803 F.2d 1265, 1272 (2d Cir. 1986); Rates Tech. Inc. v. Broadvox Holding Co., LLC, 56 F. Supp. 3d 515, 527 (S.D.N.Y. 2014) (Scheindlin, D.J.). In addition, there must be "clear evidence" of bad faith conduct. Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009).

B. Application of the
   Foregoing Principles

1. Sanctions Pursuant
   to Fed.R.Civ.P. 11

Plaintiffs have twice moved for sanctions pursuant to Fed.R.Civ.P. 11 (D.I. 55, 161), and defendants have cross-moved for Rule 11 sanctions (D.I. 128). However, none of the parties have demonstrated sufficient compliance with the procedural requirements of Rule 11, and, therefore, their motions must be denied.

Although plaintiffs claim in their notices of motion and their memoranda of law that they complied with Rule 11's safe-harbor provision (Plaintiff & Counterclaim Defendants' Motion for Sanctions Against Defendants & Counterclaimants Pursuant to Fed.R.Civ.P. 11, dated Sept. 7, 2017 (D.I. 55); Plaintiff & Counterclaim Defendants' Brief in Support of Their Motion for Rule 11 Sanctions, filed Sept. 7, 2017 (D.I. 56); Plaintiff & Counterclaim Defendants' Motion for Sanctions Against Defendants & Counterclaimants Pursuant to Fed.R.Civ.P. 11, dated June 18, 2018 (D.I. 161); Plaintiff & Counterclaim Defendants' Memorandum in Support of Their Second Motion for Rule 11 Sanctions, dated June 18, 2018 (D.I. 162)), they do not provide any evidence of such compliance. "An attorney's unsworn statements

10

in a brief are not evidence." Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) (per curiam), citing INS v. Phinpathya, 464 U.S. 183, 188-89 n.6 (1984); accord Griffin v. Sheeran, 767 F. App'x 129, 133 (2d Cir. 2019) (summary order); Kumar v. Lynch, 674 F. App'x 79, 81 (2d Cir. 2017) (summary order); Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 34 (2d Cir. 2012) (summary order). Plaintiffs' counsel merely attached to plaintiffs' memoranda of law letters that he purportedly sent to defendants' counsel with an enclosed notice of motion (Plaintiff & Counter-claim Defendants' Brief in Support of Their Motion for Rule 11 Sanctions, filed Sept. 7, 2017 (D.I. 56), Ex. 1; Plaintiff & Counterclaim Defendants' Memorandum in Support of Their Second Motion for Rule 11 Sanctions, dated June 18, 2018 (D.I. 162), Ex. A). However, an exhibit attached to a memorandum of law without an accompanying affidavit attesting to the document's authenticity and accuracy also does not constitute "evidence." Dorchester Fin. Holdings Corp. v. Banco BRJ, S.A., 11 Civ. 1529 (KMW)(KNF), 2014 WL 3747160 at *5 (S.D.N.Y. July 3, 2014) (Fox, M.J.); accord Betterson v. HSBC Bank, USA, N.A., 139 F. Supp. 3d 572, 582 (W.D.N.Y. 2015). Accordingly, plaintiffs' motions for Rule 11 sanctions are denied because they have offered no evidence showing that they complied with the safe-harbor provision of Rule 11.

Defendants have similarly failed to support their cross-motion for Rule 11 sanctions with evidence of compliance with Rule 11's safe-harbor provision. Defendants' filings contain no mention whatsoever of any efforts to comply with Rule 11's procedural requirements. Accordingly, defendants' cross-motion for sanctions is also denied.

2. Sanctions Pursuant to the Court's Inherent Power

Plaintiffs' first motion for sanctions pursuant to the Court's inherent power accuses defendants' of engaging in a pattern of harassment of plaintiff, plaintiff's counsel and several third parties (Plaintiff & Counterclaim Defendants' Brief in Support of Their Second Motion for Sanctions, dated Mar. 13, 2018 (D.I. 113)). Plaintiffs allege, inter alia, that defendants posted negative reviews of and false complaints about BMaddox on Google and other websites, launched two email phishing attacks at plaintiffs' counsel, posted false complaints and salacious allegations online concerning plaintiffs' counsel, falsely reported plaintiffs' counsel to the New York Police Department for human-trafficking and arms-dealing and posted salacious allegations online regarding a journalist who published an article about this action in an Australian newspaper (Plaintiff &

Counterclaim Defendants' Brief in Support of Their Second Motion for Sanctions, dated Mar. 13, 2018 (D.I. 113) at 2-5). These allegations against defendants, if true, are disturbing, and some of the alleged conduct may even be illegal. However, the conduct described is not sufficiently connected to this litigation to warrant the imposition of sanctions. A court's inherent power to impose sanctions "derives from a court's need to manage its affairs so as to achieve an orderly and expeditious resolution of cases." Bowler v. INS, 901 F. Supp. 597, 605 (S.D.N.Y. 1995) (Sotomayor, then D.J., now Sup. Ct. Justice), citing United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991). Thus, in assessing an application for sanctions pursuant to the Court's inherent power, a court must

> distinguish between . . . activities that may lead to substantive liability, but are otherwise unrelated to litigation, and litigation-related bad faith conduct. The former conduct may be significant in determining whether a fee award is appropriate. The court's inherent power, however, is properly directed toward the latter conduct, by which a party may attempt to undermine the court's authority by, for example, attempting to mislead the court or skirt its orders, or use the judicial process as an instrument of abuse by, for example, filing a frivolous action or asserting a frivolous defense for the purpose of harassing his opponent.

Sherman, LLC v. DCI Telecomm., Inc., 03 Civ. 855 (LBS), 2003 WL 21692763 at *4 (S.D.N.Y. July 21, 2003) (Sand, D.J.). The alleged conduct on which plaintiffs base their motion simply is

not misconduct in this litigation.  Even if true, the conduct alleged does not impact the ability of the Court to manage its affairs.

Furthermore, at least with respect to plaintiffs' claims of online harassment by defendants, their factual allegations do not attribute the conduct to defendants with sufficient specificity.  Although defendants may have motive to harass plaintiffs, plaintiffs' counsel or third parties in a misguided attempt to derail plaintiffs' prosecution of this action, there is no substantial evidence that the anonymous emails, negative online reviews or complaints or other harassing conduct can be attributed to defendants.  As noted above, the imposition of sanctions pursuant to the Court's inherent power requires "clear evidence" of bad faith conduct.  <u>Wolters Kluwer Fin. Servs., Inc. v. Scivantage</u>, <u>supra</u>, 564 F.3d at 114.  Accordingly, plaintiffs' first motion for sanctions pursuant to the Court's inherent power must be denied.

The core allegation of plaintiffs' second motion for sanctions pursuant to the Court's inherent power is that defendants' cross-motion for Rule 11 sanctions is a meritless filing (Plaintiff & Counterclaim Defendants' Memorandum in Support of Their Third Motion for Sanctions, dated Apr. 5, 2018 (D.I. 138)).  Although defendants failed to comply with Rule 11's procedural

14

requirements, as explained above, plaintiffs have not provided clear evidence of defendants' bad faith in filing their cross-motion for sanctions. Defendants' cross-motion alleges that plaintiff has engaged in a pattern of harassment directed at Oskouie and third parties, including that plaintiffs wrote a letter to Oskouie's parents containing the parents' private financial information, hired a hacker to disrupt defendants' website that is the subject of this action and established a website containing Oskouie's personal information and derogatory accusations about Oskouie. If plaintiffs' and defendants' respective allegations are true, all that has been shown is that both sides have engaged in conduct outside the litigation designed to harass the other, and, therefore, any sanctions would have to be imposed bilaterally. Such an exercise would accomplish nothing and only further delay this action.

3.  <u>Discovery Sanctions</u>

Pursuant to my May 3, 2018 Order (D.I. 148), plaintiffs filed a supplemental memorandum of law (Plaintiff & Counterclaim Defendants' Supplemental Memorandum in Support [of] Their Third Motion for Sanctions, dated May 16, 2018 (D.I. 153)) and an accompanying declaration by counsel (Declaration of Anderson J. Duff, dated May 16, 2018 (D.I. 154)), describing defendants'

15

failures to respond to interrogatories and requests for the production of documents.  Specifically, plaintiffs claim that defendants refused to respond to interrogatories on the ground that the "production of documents and/or depositions are more practical methods of obtaining the information sought," citing Local Rule 33.3(b), but that defendants never produced the responsive documents, and that defendants have failed to produce documents pertaining to the allegedly infringing website, defendants' email newsletter, their financial information and the whereabouts of Oskouie (Plaintiff & Counterclaim Defendants' Supplemental Memorandum in Support [of] Their Third Motion for Sanctions, dated May 16, 2018 (D.I. 153) at 4-16).  Defendants have not responded to plaintiffs' allegations of discovery misconduct.

        Assuming the truth of plaintiffs' allegations that defendants have failed to participate meaningfully in discovery, defendants' conduct would merit severe sanctions.  However, the Second Circuit has held that "a court abuses its discretion if it dismisses a case without first warning a pro se party of the consequences of failing to comply with the court's discovery orders."  Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 452 (2d Cir. 2013).  Furthermore, "[n]o sanction should be imposed without giving the disobedient party notice of the particular

sanction sought and an opportunity to be heard in opposition to its imposition." SEC v. Razmilovic, 738 F.3d 14, 24 (2d Cir. 2013).

Here, although defendants were indisputably on notice with respect to their discovery obligations as early as my March 6, 2018 Order, the record does not disclose that defendants were adequately warned of the potential consequences of their failure to comply. Defendants' counsel failed to appear at the May 2, 2018 discovery conference (Order, dated May 3, 2018 (D.I. 148) at 1 n.1), and as of May 10, 2018, six days before plaintiffs filed their supplemental memorandum of law, defendants' counsel was "no longer in contact" with defendants (Certification of Saul Roffe, Esq. In Support of Motion to Withdraw as Counsel, dated May 10, 2018 (D.I. 152)). Oskouie has since advised the Court that he is now proceeding pro se. Thus, an explicit warning is required before the Court imposes severe sanctions, such as the dismissal of counterclaims or the entry of a default judgment. Accordingly, plaintiffs' motion for sanctions for defendants' alleged discovery misconduct is denied without prejudice to renewal should defendants fail to comply with the Order set out in the following paragraph.

IV. Conclusion

For all of the foregoing reasons, plaintiffs' motions for sanctions are denied, and defendants' cross-motion for sanctions is denied. No later than October 15, 2019, defendants are to produce to plaintiff all documents responsive to plaintiff's document requests. No later than October 15, 2019, defendants are to respond fully to plaintiff's interrogatories. Defendants are warned that an unjustified failure to comply with this Order will result in the imposition of sanctions, which may include the entry of a default judgment against all defendants.

The Clerk of the Court is respectfully requested to lift the stay in this action and to mark Docket Items 55, 112, 128, 137 and 161 closed.

Dated: New York, New York
       September 24, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copy transmitted to:

Counsel for Plaintiffs

18

Copy emailed to:

milad.oskouie@gmail.com

Copy mailed to:

Mr. Milad Oskouie
C/O Gianni Giacchetta
32 Coronation Court
Brewster Gardens
London W10 6AL
United Kingdom