# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMADDOX ENTERPRISES LLC, <br><br> Plaintiff, <br><br> v. <br><br> MILAD OSKOUIE, OSKO M LTD, and PLATINUM AVENUE HOLDINGS PTY, LTD, <br><br> Defendants. | Case No. 1:17-cv-01889-RA <br><br> **DECLARATION** |
| MILAD OSKOUIE and PLATINUM AVENUE HOLDINGS PTY, LTD, <br><br> Counterclaimants, <br><br> v. <br><br> BMADDOX ENTERPRISES LLC and BRANDON MADDOX, <br><br> Counterdefendants. | |





**Declaration**

I, Milad Oskouie, verify under penalty of perjury under the laws of the United States of America that the following is true and correct:

1.  Exhibit A is a true copy of Filing # 84026905 in (BARCLAYS BANK DELAWARE Vs. ANDERSON J DUFF 19-000900-CO | Florida State, Pinellas County, County Court). I obtained this document from the URL here

    https://ccmspa.pinellascounty.org/PublicAccess/ViewDocumentFragment.aspx?Docum entfragmentID=43901330&CheckDocumentGroups=0

2.  Exhibit B is a true copy of a filing in the above case from the process server. It was obtained at

    https://ccmspa.pinellascounty.org/PublicAccess/ViewDocumentFragment.aspx?Docum entfragmentID=44079943&CheckDocumentGroups=0

3.  Exhibit C is a true copy of Milad Oskouie Reponses to Plaintiff's Interrogatories sent to Mr Duff via email prior to the court deadline.

4.  Exhibit D is a true copy of Milad Oskouie Reponses to Plaintiff's Doc Requests via email prior to the court deadline.

5.  Exhibit E is a true copy of Osko M Reponses to Plaintiff's Doc Requests via email prior to the court deadline.

6.  Exhibit F is a true copy of Osko Reponses to Plaintiff's Interrogatories via email prior to the court deadline.

7.  Exhibit G is a true copy of Platinum Reponses to Plaintiff's Doc Requests via email prior to the court deadline

2

8.  Exhibit H is a true copy of Platinum Reponses to Plaintiff's Interrogatories via email prior to the court deadline

Dated: November 30, 2019

_____

MILAD OSKOUIE

BARCLAYS BANK DELAWARE

# Exhibit A

    Plaintiff,

vs.                                                    AFFIDAVIT IN SUPPORT OF CLAIM

ANDERSON J DUFF

    Defendant(s)

_____/

STATE OF DELAWARE
COUNTY OF NEW CASTLE

    BEFORE ME, the undersigned authority, personally appeared, who after being duly sworn, deposes and says:

    1. I, _Elaine Musto_, am over 18 years old and competent to make this affidavit. I am a records custodian for the Plaintiff, BARCLAYS BANK DELAWARE. I am duly authorized to make this affidavit, and because of the scope of my job responsibilities, I am familiar with the manner and method by which BARCLAYS BANK DELAWARE maintains its normal business books and records, including computer records of defaulted accounts.

    2. These books and records are made in the course of regularly conducted business activity at or near the time the events they purport to describe occurred by a person with knowledge of the acts and events. The contents of this affidavit are true and correct based upon my personal knowledge of the processes by with BARCLAYS BANK DELAWARE maintains its books and records.

    3. The books and records show that Defendant(s) ANDERSON J DUFF opened an account, account number ████████ on 09/22/2014 and stopped making payments when due. The books and records of BARCLAYS BANK DELAWARE show that the account was charged off on 04/29/2018. The records further show that the Defendant is currently indebted to BARCLAYS BANK DELAWARE in the amount of $7349.45. All just and lawful offsets, payments and credits have been made to the Defendant's account.

    4. I declare under penalty of perjury that the foregoing is true and correct and if called as a witness I would competently testify under oath thereto.

    FURTHER AFFIANT SAYETH NAUGHT.

STATE OF DELAWARE
COUNTY OF NEW CASTLE
Signed and sworn to (or affirmed) before me this _20_ day of _November_, 2018 by
_Elaine Musto_

                                                NOTARY PUBLIC

My Commission Expires: _9/19/22_. (seal)
Our File #: 383903
Please understand that this is an attempt to collect a debt and any information we obtain will be used for that purpose.

LAUREN M DISABATINO
Notary Public
State of Delaware
My Commission Expires On
September 19, 2022

Department of Defense Manpower Data Center

Results as of : Oct-19-2018 10:51:51 AM

SCRA 4.9

**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SSN:
Birth Date:
Last Name: DUFF
First Name: ANDERSON J
Middle Name:
Status As Of: Oct-19-2018
Certificate ID: J2OLLJ6PVBOLS4O

| On Active Duty On Active Duty Status Date | | | |
| --- | --- | --- | --- |
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | NO | NA |

This response reflects the individuals' active duty status based on the Active Duty Status Date

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
| --- | --- | --- | --- |
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | NO | NA |

This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
| --- | --- | --- | --- |
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | NO | NA |

This response reflects whether the individual or his/her unit has received early notification to report for active duty

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.



Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33.  If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you.  See 50 USC App. ? 521(c).

This response reflects the following information:  (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days  preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1).  Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available.  In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds.  All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support.  This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs).  Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate.  SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods.  Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction.  The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester.  Providing erroneous information will cause an erroneous certificate to be provided.

# BARCLAYS

## Barclaycard Financing Visa® Card Statement

ANDERSON J DUFF | Account Ending ████ | Statement Period 03/22/18-04/21/18    Page 1 of 6

### Account Activity

| | | |
|---|---|---|
| Previous Balance as of 03/22/18 | | $7,161.86 |
| Payments | - | $0.00 |
| Fees Charged | + | $37.00 |
| Interest Charged | + | $150.59 |
| Statement Balance as of 04/21/18 | = | $7,349.45 |
| Past Due | = | $1,604.93 |

▶ APR details begin on page 2 in the Interest Charge Calculation section.
▶ Transaction details begin on page 2.

### Credit Line

| | |
|---|---|
| Total Credit Line | $0.00 |
| Includes $0.00 cash advance line | |
| Available Credit Line | $0.00 |
| as of 04/21/18 | |
| Available for cash advances $0.00 | |
| Overlimit Amount | $849.45 |

### Payment Information

Statement Balance:    $7,349.45
Minimum Payment Due:    $1,864.13
Payment Due date:    05/18/18

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee of up to $37.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about.... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 20 years | $17,704.00 |

▶ If you would like information about credit counseling services, please call 800-570-1403.

Repayment information based on activity and APRs on your account as of the closing date.

**IMPORTANT INFORMATION FOR RESIDENTS OF NEW YORK** If you have questions about the terms of your account call Barclays at 866-483-3735. New York residents may contact the New York State Department of Financial Services by telephone (800) 342-3736, or visit its website, www.dfs.ny.gov, for free information on comparative credit card rates, fees and grace periods.

**PAST DUE:** Your account is Past Due. Payment of the past due amount of $1,604.93 is due immediately. This past due amount has been added to your minimum payment due.

**OVERLIMIT:** Your account is over the credit line. Payment of the amount over your credit line is due immediately to bring your account current.

**SEE INSIDE:** You may have additional important messages inside.

NOTICE: SEE REVERSE SIDE OR END OF STATEMENT FOR IMPORTANT INFORMATION

### Payment Coupon

# BARCLAYS

**Ways to pay:** BarclaysUS.com | Barclays Mobile App | 866-483-3735 | PAY PAYMENT DUE BY PHONE | PRINT & MAIL

| | |
|---|---|
| Statement Balance as of 04/21/18 (account ending ████) | $7,349.45 |
| Minimum Payment Due: (includes $1,604.93 past due amount) | $1,864.13 |
| Payment Due Date: | 05/18/18 |

Amount Enclosed: $ _____

Make check payable to Barclays. Allow 7-10 days for USPS delivery.

Immediately to bring your account current.

Barclays
P.O. Box 13337
Philadelphia, PA 19101-3337

------ manifest line ------
ANDERSON J DUFF
APT 1217
4310 CRESCENT ST
LONG ISLAND CITY NY 11101-4248

☐ Check for address, email and phone changes. Complete form on the back.

8806001864130072494450



# Barclaycard Financing Visa® Card Statement

ANDERSON J DUFF | Account Ending ▉▉▉ | Statement Period 03/22/18-04/21/18   Page 2 of 6

## Transactions

| Transaction Date | Posting Date | Description | Amount |
|---|---|---|---|
| **Payments** | | | |
| | | No Payment Received | $0.00 |
| **Total payments for this period** | | | **$0.00** |
| **Purchase Activity for ANDERSON J DUFF card ending 8806** | | | |
| | | No Transaction Activity at This Time | $0.00 |
| **Total purchase activity for this period** | | | **$0.00** |

▸ *To see activity after this statement period, visit BarclaysUS.com*

## Fees and Interest

| Transaction Date | Posting Date | Description | Amount |
|---|---|---|---|
| **Fees Charged** | | | |
| Apr 18 | Apr 18 | LATE PAYMENT FEE | $37.00 |
| **Total fees for this period** | | | **$37.00** |
| **Interest Charged** | | | |
| Apr 21 | Apr 21 | Interest Charge On Purchases | $133.65 |
| Apr 21 | Apr 21 | Interest Charge On Balance Transfers | $16.94 |
| **Total interest for this period** | | | **$150.59** |

| 2018 Year-to-Date Totals | |
|---|---|
| Total fees charged in 2018 | $148.00 |
| Total interest charged in 2018 | $561.80 |

*This Year-to-date summary reflects the Fees and Interest charged on billing statements with closing dates in 2018, and does not reflect any subsequent fee and/or interest adjustments.*

## Interest Charge Calculation

Days in Billing Cycle : 31

| Type of Balance | Promotional Rate End Date | Balance Subject to Interest Rate | Annual Percentage Rate (APR) | Interest Charge |
|---|---|---|---|---|
| **Purchases** | | | | |
| Standard Purchases | – | $6,424.99 | 24.49%(v) | $133.65 |
| **Balance Transfers** | | | | |
| Standard Balance Transfers/Checks | – | $814.18 | 24.49%(v) | $16.94 |

▸ continued on page 3

Visit BarclaysUS.com or use the Barclays Mobile App

Visit BarclaysUS.com or use the Barclays Mobile App

# Barclaycard Financing Visa® Card Statement

ANDERSON J DUFF | Account Ending ████ | Statement Period 03/22/18-04/21/18 | Page 3 of 6

## Cash Advances

| Type of Balance | Promotional Rate End Date | Balance Subject to Interest Rate | Annual Percentage Rate (APR) | Interest Charge |
|---|---|---|---|---|
| Standard Cash Advance | – | $0.00 | 26.74%(v) | $0.00 |
| Total | | | | $150.59 |

(i) **Your Annual Percentage Rate (APR)** is the annual interest rate on your account. (v) = Variable Rate
See the "Important Information" section of this statement for more information about how we calculate interest.

**AVOIDING INTEREST ON PURCHASES (GRACE PERIOD):**

If you have a 0% promotional APR on all of your Purchase balances, you can avoid paying interest on those balances during the applicable promotional period. However, pay at least your Minimum Payment Due to avoid a late fee.

If you have both Purchase balances with an APR greater than 0% and you also have other promotional balances on your Account, you can avoid paying interest on your Purchases by paying $ 7,349.45 (this amount includes any Minimum Payment Due required to avoid a late fee). Please refer to the "Accrual of Interest and How to Avoid Paying Interest on Purchases" paragraph on the back of this Statement for further detail.

032273.05



# You may have noticed your statement looks a bit different

Here are some of the enhancements to your statement

- Your first page summarizes the information you need most

- The personalized Account Activity section includes page references so you can easily locate more information

- Pre-scheduled or repeat payment status is clearly indicated

- Enhanced security – only the last 4 digits of your account number are shown

Please note that your cycle date, due date and account terms remain the same.



**BARCLAYS**

# Important Information

address by 5 p.m. ET that otherwise meets the requirements of a conforming payment will be credited to your account that same day.

**How We Will Calculate Interest.** We use a method called "daily balances" (including new purchases). We calculate balances separately for each "Balance Subject to Interest Rate." These include for example, Purchases at the current rate, Balance Transfers at the current rate, Cash Advances at the current rate, and different promotional balances. Your monthly billing statement shows each "Balance Subject to Interest Rate."

To calculate interest, we first calculate a daily balance for each Balance Subject to Interest Rate. We start with the balance, the balance Subject to Interest Rate, as of the end of the previous day. We add any interest calculated on the previous day's balance. (This means interest is compounded daily). We add any new Purchases, Balance Transfers or Cash Advances to the appropriate balance. We subtract any new payments or credits from the appropriate balance, and make other adjustments. A credit balance is treated as a balance of zero. We then multiply each daily balance by the applicable daily periodic rate. We do this for each day in the billing period. That gives us the daily interest. We add up all the daily interest for all in the billing period. That gives us the total interest for the billing period.

**Accrual of Interest and How to Avoid Paying Interest on Purchases.** Your due date is at least 23 days after the close of each billing cycle. On Purchases, interest begins to accrue as of the transaction date. However, you can avoid paying interest in any given billing cycle if you pay your Statement Balance in full by the Payment Due Date. You may also avoid paying interest on Purchases if either Paragraph A or Paragraph B of this section applies to your account.

A. If you have Purchase balances with a 0% promotional APR, you can avoid paying interest on those Purchase balances during the promotional period, and the following Paragraph B will not apply to your account. (However, to avoid a late fee, pay at least your Minimum Payment Due.)

B. If you have Purchase balances with an APR that is greater than 0%, and you also have other types of promotional balances on your account, you still may be able to avoid paying interest on those balances without paying your Statement Balance in full. If this applies to your Account, you will see a Paragraph titled "Avoiding Interest on Purchases (Grace Period)" appearing directly below the Interest Charge Calculation section on the front of this statement. This will show the amount you can pay by the Payment Due Date and still avoid interest charges on your Purchase balances.

Statement Balance. It may differ because you currently have certain promotional APR balances, and the nonpayment of these balances will not affect your grace period on Purchases, provided you pay all other balances on your account. (However, to avoid a late fee, pay at least your Minimum Payment Due.)

For Balance Transfers, interest will accrue from the transaction date which generally will be the day the payee accepts the Check. For Cash Advances, interest will accrue from the transaction date which generally will be the day you take the Cash Advance. Please note that purchases of Cash Equivalents, which include money orders, travelers checks, foreign currency, lottery tickets, gambling chips and wire transfers, are treated as Cash Advances

**Information About Credit Bureau Reporting:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Lost or Stolen Card:** Your credit card is issued by Barclays Bank Delaware. If your card is lost or stolen, please contact us immediately at 866-483-3735 at any time.

**Payment Information:** Each billing cycle, you must pay at least the Minimum Payment Due shown on your monthly statement by the Payment Due Date. Both the Minimum Payment Due and Payment Due Date are noted on your statement and on our home page when you log into BarclaysUS.com. At any time you may make the Minimum Payment Due up to the full amount you owe us, however you cannot "pay ahead." This means that if you pay more than the required Minimum Payment Due in any billing cycle or if you make more than one payment in a billing cycle, you will still need to pay the next month's required Minimum Payment by the next Payment Due Date. Remember to make all checks payable to Barclays. Please allow 7 to 10 days for the U.S. Postal Service to deliver your payment to us. Upon our receipt, your available credit may not be increased by the payment amount for up to 7 days to ensure the funds from the bank on which your payment is drawn are collected and not returned. When you provide a check as payment on this Account, you authorize us to either use the information from your check to make a one-time electronic fund transfer from your account or to process the check to make an electronic check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. For inquiries, please call 866-483-3735.

**Mailed Payments:** A conforming payment received by us by 5 p.m. ET will be credited to your account the day of receipt. A "conforming payment" is a payment that: 1) is made using the enclosed envelope and payment coupon included with this statement or mailed with a payment coupon printed from BarclaysUS.com to Barclays, P.O. Box 13337 Philadelphia, PA 19101-3337; and 2) is in the form of a single, non-folded check or money order made payable in U.S. dollars from a U.S. based institution. Any payment that does not meet these requirements, or any payment with multiple checks or money orders, additional correspondence, staples, paperclips, etc. will be considered a "non-conforming payment" which may delay the crediting of the payment for up to 5 days.

**Other Payment Options:**
Web: Visit BarclaysUS.com to set up your payments.
Mobile: To download the Barclays Mobile App, text MOBILE to 53818.
Phone: Call us at 866-483-3735 and we will process your payment.

All payments made via web, mobile app or pay by phone by 7:00 p.m. ET will be credited to your account that same day.

Overnight Payments: Send overnight courier service or U.S.P.S. Priority Mail payments to Card Services, 400 White Clay Center Drive, Newark, DE 19711. A payment received at this

Continued on page 6

---

## Make Changes to your contact information below

Name

Address

City    State    Zip

Home Phone    Work Phone

Email Address

and do not have a grace period. See your Cardmember Agreement for more information.

**Minimum Interest Charge:** This fee, if imposed, appears in the Summary of Fees as a "Minimum Interest Charge" or "Minimum Charge."

**Credit Bureau Disputes:** If you believe that an entry we have made on your credit bureau report is inaccurate or incomplete, please contact the reporting agency directly or contact us at Card Services, P.O. Box 8803 Wilmington, DE 19899-8801. Please include your name; your account number; the credit reporting agency where you received the bureau report; a description of the error; and why you believe it is an error. We will promptly investigate, notify you of our findings, and send an update to the credit bureaus if warranted within 30 days.

**What To Do If You Think You Find A Mistake On Your Statement**
If you think there is an error on your statement, write to us at:

Card Services
P.O. Box 8802
Wilmington, DE 19899-8802.

In your letter, give us the following information:

- **Account information:** Your name and account number.
- **Dollar amount:** The dollar amount of the suspected error.
- **Description of problem:** If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors *in writing*. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Your Rights If You Are Dissatisfied With Your Credit Card Purchases**
If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.

To use this right, all of the following must be true:

1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us *in writing* at:

Card Services
P.O. Box 8802
Wilmington, DE 19899-8802.

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay, we may report you as delinquent.

Please refer to your Cardmember Agreement for additional information about the terms of your Account.

■ Barclays Bank Delaware, member FDIC

# EXHIBIT B



1060422 -A

**SPECIAL PROCESS SERVICE**

Pinellas County, Florida

Bob Gualtieri, Sheriff

## NON-SERVICE RETURN

| | |
|---|---|
| **Court** | |
| IN THE COUNTY COURT IN AND FOR PINELLAS COUNTY, FLORIDA | |

| Plaintiff | Case # |
|---|---|
| BARCLAYS BANK DELAWARE | **19-000900-CO** |

| Defendant | Hearing Date |
|---|---|
| ANDERSON J DUFF | |

| Person to be Served | Came to Hand Date/Time |
|---|---|
| ANDERSON J DUFF | **2/01/2019     1:07 PM** |

| Reason Unable to Serve | Non-Service Date/Time |
|---|---|
| Other contact | 02/01/2019     02/01/2019 |

| Documents | Service Fee |
|---|---|
| Summons;Complaint;Exhibits;Civil Cover Sheet | **$49.50** |

After due search, careful inquiry and diligent attemts at: **9297 120TH ST, SEMINOLE, Pinellas County, FL 33772-2643.** I have been unable to effect service of process upon **ANDERSON J DUFF** for the following reasons:

**2/1/2019 1:07 PM: Per CINDY DUFF, RESIDENT, a gray-haired white female contact approx. 55-65 years of age, 5'4"-5'6" tall and weighing 140-160 lbs with glasses...stated defendant is her son and no longer resides here. Stated they lost touch and had no knowledge of his current whereabouts. Neighbor confirmed he no longer resides here.**

Notary not required pursuant to F.S. 92.525(2).

I am a citizen of the United States, over 18 years of age, not a party to nor interested in this case and I have the proper authority in the jurisdiction where I effected service, pusuant to Florida Statute Chapter 48. Under penalty of perjury, I declare that I have read the forgoing document and that facts stated herin are true and acurate.

| Troy Rogers | **29986** | 2-1-19 |
|---|---|---|
| | Process Server ID | Date Executed |

Ref 383903



◉abclegal  Hayt, Hayt & Landau, PL

Tracking # 0032779813



***ELECTRONICALLY FILED 02/05/2019 11:34:46 AM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

IN THE COUNTY COURT IN AND FOR
PINELLAS COUNTY, FLORIDA

CASE NO.:

**SUMMONS**
Personal Service on a Natural Person

BARCLAYS BANK DELAWARE

Plaintiff,

vs.

ANDERSON J DUFF

Defendant(s)

TO:   ANDERSON J DUFF
      9297 120TH ST
      SEMINOLE, FL 33772-2643

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on
you to file a written response to the attached complaint with the Clerk of the Court. A telephone call will
not protect you. Your written response, including the case number given above and the names of the
parties, must be filed if you want the court to hear your side of the case. If you do not file your response
on time, you may lose the case, and your wages, money, and property may thereafter be taken without
further warning from the court. There are other legal requirements. You may want to call an attorney
right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office
(listed in the telephone book).

If you choose to file a written response yourself, at the same time you file your written response
to the court, you must also mail or take a copy of your written response to the Plaintiff/Plaintiff's attorney
named below.

Address:
Law Offices of Hayt, Hayt & Landau, P.L.
7765 S.W. 87 Avenue, Suite 101
Miami, Florida 33173

Dana M. Stern Bar No: 0037092
Jason S. Dragutsky Bar No: 0757551
Jonathan D. Stein Bar No: 0070761
Jennifer Cruz Mesa Bar No: 94459
Robert J. Orovitz Bar No: 501379
Plaintiff/Plaintiff's Attorneys

To the State of Florida:
To Each Sheriff of the State:  You are commanded to serve this summons and a copy of the Complaint in
this lawsuit on the above named Defendant.

Dated on: JAN 29 2019

Ken Burke
As Clerk of Court

BY:
      as Deputy Clerk

Our File # 383903

Continued on Reverse Side

KEN BURKE CLERK CIRCUIT COURT
315 Court Street
Clearwater, Pinellas County, FL 33756-5165

**IMPORTANTE**

Usted ha sido demandado legalmente.   Tiene 20 dias, contados a partir del recibo de esta notificacion. Para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.   Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso, y los nombres de las partes interesadas.   Si usted no contesta la demanda a tiempo pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.   Existen otros requisitos legales. Si lo desea puede usted consultar un abogado inmediatamente.   Si no conoce un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal. Usted deberia enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como ''Plaintiff/Plaintiff's attorney'' (Demandante o abogado del demandante)

_____                    _____
DEMANDANTE O ABOGADO                               Calle
                                                   _____


**IMPORTANT**

Des poursuites judiciaries ont ete enterprises contre vous.   Vous avez 20 jours consecutifs a partir de la date de L'assignation de cette citation pour desposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.   Un simple coup de telephone est insuffisant pour vous proteger.   Vous estes oblige de deposer votre reponse ecrite, avec mention de numero de dossier  ci-dessus et du nom des parties nominees ici.   Si vous souhaitez que el tribunal entende votre couse.   Si vous ne deposez pas votre reponse ecrite dans le relai requis. Vous risquez de pedre la cause ainsi que votre agent, et vous biens peuvent entre saidis par la suite, sans aucun preavis ulterior pouvex requerir les services immediats d'un avocat.   Si vous ne connaiseex pas d'avocat, vous pouvez telephone a un service de reference d'avocate's ou a un bureau D'assistance juridique (Figurant a L'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse   ecrite au ''Plaintiff/Plaintiff's Attorne'' (Plaigant ou a son avocat) nomme ci-dessous.


_____                    _____
PLAIGNANT OU SON AVOCATE                            Rue
                                                   _____


Our File # 383903

EXHIBIT C

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMADDOX ENTERPRISES LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>MILAD OSKOUIE, OSKO M LTD, and<br>PLATINUM AVENUE HOLDINGS<br>PTY, LTD,<br><br>               Defendants. | Case No.: 1:17-cv-01889-RA-HBP<br><br>**DEFENDANT MILAD OSKOUIE'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF MILAD OSKOUIE** |
| MILAD OSKOUIE and PLATINUM<br>AVENUE HOLDINGS PTY, LTD,<br><br>               Counterclaimants,<br><br>    v.<br><br>BMADDOX ENTERPRISES LLC and<br>BRANDON MADDOX,<br><br>               Counterdefendants. | |

      Pursuant to Federal Rules of Civil Procedure 26 and 33 Defendant Milad Oskouie ("Defendant" or "Mr. Oskouie") hereby responds and objects to Plaintiff and Counterclaim Defendants' First Set of Interrogatories to Defendant Milad Oskouie ("Interrogatory(ies)") as set forth below. Defendant's discovery efforts are continuing and they reserve the right to amend or supplement these responses and objections as necessary.

## GENERAL QUALIFICATIONS AND OBJECTIONS

    1.    Defendant objects to each interrogatory to the extent it seeks privileged attorney-client communications, protected work product, trade secrets or confidential and/or proprietary information.

2.      Defendant objects to each interrogatory to the extent it calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case.

3.      Defendant objects to each interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of United States District Court for the Southern District of New York, as well as any orders entered in this matter.

4.      Defendant objects to each interrogatory to the extent it is overbroad, vague, ambiguous, unduly burdensome, not sufficiently limited in scope, undefined and subject to different interpretations in different contexts.

5.      Defendant objects to each interrogatory to the extent that it is premature in nature.

6.      Defendant objects to the definition of "Defendant" to the extent it is overbroad and purports to include persons or entities that are not Defendant.

7.      Defendant objects to Plaintiff's Interrogatories on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence nor proportional to the needs of the case.

8.      Defendant's responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response.

9.      Defendants reserve the right to supplement their responses to Plaintiff's

Interrogatories as more information becomes known.

10.     Each of the foregoing General Objections is incorporated within each of the responses set forth herein.

11.     Defendant objects to Instruction No. 2 to the extent that it attempts to impose duties contrary to or inconsistent with the Federal Rules.

Subject to and without waiving such General Objections, Defendant responds as follows:

## INTERROGATORY NO. 1

Identify each person who participated in, assisted with, or provided any information used in the preparation of the website appearing at <ffltrust.com>.

## Response No. 1:

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

## INTERROGATORY NO. 2

Identify each person who has personal knowledge concerning the subject matter of this litigation including but not limited to the allegations set forth in the Complaint and the Counterclaims.

3

**Response No. 2:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

**INTERROGATORY NO. 3**

Identify each person who has personal knowledge concerning the management, administration, finances, financial record keeping, cash flow, or the manner in which any of Defendants Oskouie, Osko, or Platinum processed any money or benefit arising out of their respective businesses, including but not limited to <FPLTrust.com>, <InfiniteConversions.com>, and <TheUnitiutor.com> during the past four (4) years.

**Response No. 3:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

4

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

## INTERROGATORY NO. 4

Identify each internet service provider, cell phone provider, virtual private network service provider, electronic communication service, and remote computing service that provided any service to any Defendant concerning the operation of <FFLTrust.com>, <TheUnitutor.com>, or <InfiniteConversions.com> as well as each agreement, whether written or otherwise made, between any such service provider and any Defendant.

### Response No. 4:

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

## INTERROGATORY NO. 5

Identify each person who has shared a residence or living quarters with Defendant Oskouie for more than two (2) weeks during the past four (4) years.

### Response No. 5:

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and

other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant responds as follows: none.

## INTERROGATORY NO. 6

Identify each third party that has employed Defendant Oskouie, whether in a freelance, salaried, temporary, paid, or unpaid position during the past four (4) years.

**Response No. 6:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

## INTERROGATORY NO. 7

Identify each resource upon which Defendant Oskouie or any party or third party acting in concert with him or at his direction relied upon to create the content that has appeared on <FPLTrust.com> at any point in time.

**Response No. 7:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

## INTERROGATORY NO. 8

Identify each statement Defendant Oskouie asserts is defamatory including where and when Defendant encountered each statement.

**Response No. 8:**

9

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

**INTERROGATORY NO. 9**

Identify every computer, tablet, cellular phone, notebook, laptop, or other computing device that You have owned, leased, or regularly used, at work or otherwise, during the past four (4) years.

**Response No. 9:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

**INTERROGATORY NO. 10**

Identify any legal claims or lawsuits filed or asserted by or against You during the past ten (10) years, including the case number, party names, and forum in which such claims or lawsuits were asserted.

**Response No. 10:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

## INTERROGATORY NO. 11

Identify all online postings made by You or in which you have been involved concerning BMaddox, Brandon Maddox, the subject matter of this litigation, or any individual or entity believed by you to be associated with BMaddox or Brandon Maddox.

**Response No. 11:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

## INTERROGATORY NO. 12

Identify every alias, name, and online persona You have used during the past four (4) years.

**Response No. 12:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

## INTERROGATORY NO. 13

Identify every person or entity that has denied You employment or terminated your employment because of the allegedly defamatory statements You assert were made by BMaddox or Brandon Maddox.

8

**Response No. 13:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant responds as follows: none.

**INTERROGATORY NO. 14**

Identify every person with whom You have communicated concerning BMaddox, Brandon Maddox, the subject matter of this litigation, or any individual or entity believed by You to be associated with BMaddox or Brandon Maddox.

**Response No. 14:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

Dated: Tehran, Iran
       October 18th, 2019

9

Milad Oskouie

VERIFICATION I hereby declare under penalty of perjury that the facts stated in the foregoing DEFENDANT MILAD OSKOUIE'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF MILAD OSKOUIE, are true and correct to the best of my knowledge, information and belief.

Milad Oskouie

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANT MILAD OSKOUIE'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF MILAD OSKOUIE**

has been served via email on:

> Anderson J. Duff, Esq.
> Revision Legal, PLLC
> 244 5th Avenue, Suite 2230
> New York, NY 10001
> Phone: 212.996.4103
> E-mail: anderson@revisionlegal.com and ajd@revisionlegal.com

this 18th day of Octboer 2019

Milad Oskouie

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMADDOX ENTERPRISES LLC, | |
| Plaintiff, | Case No.: 1:17-cv-01889-RA-HBP |
| v. | **DEFENDANT MILAD OSKOUIE'S** |
| MILAD OSKOUIE, OSKO M LTD, and PLATINUM AVENUE HOLDINGS PTY, LTD, | **RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |
| Defendants. | **AND THINGS TO DEFENDANT MILAD OSKOUIE** |
| MILAD OSKOUIE and PLATINUM AVENUE HOLDINGS PTY, LTD, | |
| Counterclaimants, | |
| v. | |
| BMADDOX ENTERPRISES LLC and BRANDON MADDOX, | |
| Counterdefendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34 Defendant Milad Oskouie ("Defendant" or "Mr. Oskouie") hereby responds and objects to Plaintiff and Counterclaim Defendants' First Requests for the Production of Documents and Things to Defendant Milad Oskouie ("Request(s)") as set forth below. Defendant's discovery efforts are continuing and they reserve the right to amend or supplement these responses and objections as necessary.

## INTRODUCTION

Counterdefendants' Requests seek massive amounts of information with respect to overly and unnecessarily broad subject areas, and with respect to matters defined or referred to in such a vague and uncertain manner as to make meaningful responses impossible or

impractical. The overwhelming majority of responses to the requested Requests that are neither relevant to any party's claim or defense nor proportional to the needs of the case, or their relevance is marginal at most and their potential value in this litigation is substantially outweighed by the burden, expense and inconvenience that would be required to answer the requested Requests. Other documents requested by Counterdefendants are already in Counterdefendants' possession or are available from other readily accessible sources. Furthermore, Counterdefendants' Requests seek documents that are, at least in part, secret, sensitive, and confidential. As discovery is continuing, Defendant reserves the right to supplement its responses to these Requests. Finally, Counterdefendants' Requests are objectionable and improper for numerous additional reasons set forth in the below General Qualifications and Objections and below responses to the individual paragraphs of the Requests. This Introductory Statement and the following General Qualifications and Objections are incorporated by reference in response to each and every one of Counterdefendants' Requests.

**GENERAL QUALIFICATIONS AND OBJECTIONS**

1. Defendant objects to each and every request insofar as and to the extent it seeks documents and information protected by the attorney-client privilege (hereinafter, "Attorney-Client Privilege"), the work product doctrine, (hereinafter, "Attorney Work Product") or any other applicable privilege or immunity and will not produce such information. Any inadvertent disclosure of such documents shall not be a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

2.      Defendant objects to each and every request to the extent it calls for the production of documents that are neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Relevance").

3.      Defendant objects to each and every request to the extent that they seek documents outside of the scope of Defendants' knowledge (hereinafter, "Outside the Scope").

4.      Defendant object to each and every request the extent it is overly broad, vague and ambiguous, unduly burdensome or not reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Vague and Ambiguous" or "Overly Broad").

5.      Defendant objects to each and every request to the extent it is duplicative of a request previously asked (hereinafter, "Duplicative").

6.      Defendant objects to each and every request to the extent it improperly calls for a legal conclusion (hereinafter, "Legal Conclusion").

7.      Defendant objects to each and every request to the extent it is premature in nature (hereinafter, "Premature").

8.      Defendant objects to each and every request insofar as and to the extent it seeks divulgence of trade secrets, confidential or proprietary information of any third-party, (hereinafter, "Confidentiality"), provided, however, that such information may be disclosed subject to Defendant's other general and specific objections, and subject to protective order.

9. Defendant objects to each and every request in its entirety on the ground that Defendant is responding on the basis of its current knowledge and information. Defendant reserves the right to supplement each of its Requests.

10. Defendant objects to each Request to the extent it purports to impose obligations beyond those required by the Federal Rules.

11. Defendant objects to each Request to the extent that it seeks documents not in Defendant's actual possession, custody, or control.

12. Defendant is providing these responses and producing documents without waiver of or prejudice to Defendant's right at any later time, to raise objections to (a) the competence, relevance, materiality, privilege or admissibility of (i) the Request or any part thereof, (ii) statements made in this response to the Request or any part thereof, or (iii) any document produced pursuant to this response, or (b) any other demand for discovery involving or relating to the request.

13. Defendant reserves the right to redact documents in response to the Requests.

14. Defendant objects to Counterdefendants' Requests to the extent they purport to use terms that are not defined in the Definitions contained therein, such that Defendants cannot make meaningful responses to same.

15. Defendant objects to Counterdefendants' Requests on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence.

16. Defendant objects to Counterdefendants' Requests to the extent Counterdefendants attempt to impose duties of supplementation or otherwise contrary to or

4

inconsistent with the Federal Rules.

17.     Defendant objects to the definitions of "Defendant," "You," and "Your" to the extent that they are overbroad and purport to include persons or entities that are not Defendant.

18.     Defendant objects to Instruction Nos. 5-6 and the requested forms for producing electronically stored information. Defendant further objects to the aforesaid instructions to the extent they seek production of documents in more than one form. Defendant will produce responsive documents in the form in which they are ordinarily maintained or PDF, TIFF or Relativity production load files.

19.     Defendant objects to Instruction No. 8 as vague as to the meanings of "non-identical copy" and "non-identical original." Defendant further objects to the aforesaid instruction to the extent it seeks production of documents in more than one form.

20.     Defendant objects to Instruction No. 10 to the extent that it attempts to impose duties contrary to or inconsistent with the Federal Rules.

21.     Defendant's responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response.

22.     Defendant reserves the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein and the production made pursuant thereto. Each of the specific responses below are made subject to Defendant's continuing investigation, and with the understanding that Defendant may supplement the specific responses and/or the documents produced in response at some point in the future.

5

Subject to and without waiving such General Objections, Defendant responds as follows:

**REQUEST NO. 1**

All documents and communications relied upon or consulted by Defendant Oskouie in responding to BMaddox's First Set of Interrogatories to Defendant Oskouie.

**Response No. 1:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 2**

All documents and communications concerning BMaddox, Brandon Maddox, the subject matter of this litigation, or any individual or entity believed by You to be associated with BMaddox or Brandon Maddox.

**Response No. 2:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further

6

specifically objects to this Request on the grounds that it is premature, vague and ambiguous as to the phrase "any individual or entity believed by You to be associated with BMaddox or Brandon Maddox", unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 3

All documents and communications responsive to BMaddox's First Set of Interrogatories to Defendant Oskouie.

### Response No. 3:

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 4

All documents and communications concerning Your alleged use of MILAD OSKOUIE as a trademark.

7

**Response No. 4:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, vague and ambiguous as to the phrase "as a trademark," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 5

All documents and communications concerning damage to Your reputation caused by any allegedly defamatory statement made by BMaddox or Brandon Maddox.

**Response No. 5:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 6

8

All documents and communications concerning the creation, maintenance, and administration of any and every iteration of the website or other content that has appeared at <FFLTrust.com>.

**Response No. 6:**

Defendant specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 7**

All documents and communications concerning any market research conducted by or for You or at Your direction concerning educational materials in the field of federal firearms licensing under United States law.

**Response No. 7:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague as the term "market research," ambiguous as to the meaning of "educational materials," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 8**

All documents and communications concerning any application You have filed to obtain a federal firearms license in the United States, including all such resulting licenses.

**Response No. 8:**

9

Defendant specifically objects to this Request on the grounds that it is overly broad and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, no responsive documents exist.

**REQUEST NO. 9**

All documents and communications concerning the management, administration, finances, financial record keeping, cash flow, or the manner in which any of Defendants Oksuie [*sic*], Osko, or Platinum processed any money or benefit arising out of their respective businesses, including but not limited to <FFLTrust.com>, <InfiniteConversions.com>, and <TheUnitutor.com>, during each of the past four (4) years, including documents sufficient to show gross sales, net profit, advertising expenditures, and online traffic to each website for each year.

**Response No. 9:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FFLTrust.com> are not at issue), unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent or prior, more specific requests.

**REQUEST NO. 10**

All documents and communications concerning each internet service provider, virtual private network service provider, electronic communication service, and remote computing service that provided services to any Defendant concerning the operation of <FFLTrust.com>, <TheUnitutor.com>, or <InfiniteConversions.com> including any agreements, whether written or otherwise, between any such provider and any Defendant.

**Response No. 10:**

10

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FFLTrust.com> are not at issue), vague as to the meaning of "electronic communication service" and "remote computing service," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent or prior, more specific requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 11**

Documents and communications sufficient to show every address at which You have resided for at least one (1) month or claimed as Your primary residence during the past four (4) years.

**Response No. 11:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is grossly overly broad, vague as to the meaning of "resided" and "primary residence," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 12**

All documents and communications concerning any negative feedback obtained from any third party that has employed You in any capacity, including in a freelance, salaried, temporary, paid, or unpaid position during the past four (4) years.

**Response No. 12:**

11

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is grossly overly broad, vague as to the meaning of "negative feedback," ambiguous as to the meaning of "employed" in that the Request seeks information concerning "unpaid position(s)," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

## REQUEST NO. 13

All documents and communications concerning any damages You claim to have suffered as a result of actions taken by BMaddox or Brandon Maddox.

**Response No. 13:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 14

Documents and communications sufficient to identify every account You currently have or have had access to during the past four (4) years at any bank or other financial service provider, including any account that You share, draw from, or otherwise have access to but do not control.

12

**Response No. 14:**

Defendant specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 15**

Documents and communications sufficient to show every criminal citation You have received in any jurisdiction during Your lifetime to date.

**Response No. 15:**

Defendant specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "criminal citation," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, no responsive documents exist.

**REQUEST NO. 16**

Documents and communications sufficient to show every civil citation You have received in any jurisdiction during Your lifetime to date.

**Response No. 16:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "civil citation," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 17**

All documents and communications concerning any legal claims or lawsuits filed by or against You during the past ten (10) years.

13

**Response No. 17:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "legal claims," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further object to this Request on the grounds that it is duplicative of Request Nos. 15-16.

**REQUEST NO. 18**

All documents and communications concerning every social media account You have, during the past four (4) years, used in connection with <FPLTrust.com>, <TheInfinitor.com>, <infinitoconversions.com>, or any marketing You assert uses MILAD OSKOUIE as a trademark whether such account was owned by You or otherwise.

**Response No. 18:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "as a trademark," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses. Defendants further object to this Request on the grounds that it is duplicative of Request No. 4, and refers Counterdefendants to those documents to be produced in response to that Request.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 19**

All documents and communications concerning any alias, name, or alternate persona You have used during the past four (4) years.

**Response No. 19:**

14

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "alternate persona," ambiguous as to the meaning of "have used" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendants further object to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 20

All materials upon which You or anyone working with or for You relied to create any content that did or was intended to appear at <FFLTrust.com>.

### Response No. 20:

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties, including but not limited to the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 21

All documents and communications concerning every edition of every educational product sold, distributed, or displayed by or at <FFLTrust.com>.

15

**Response No. 21:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "educational product," ambiguous as to the meaning of "edition," ambiguous as to the meaning of "by" or "at" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 22**

All documents and communications You have sent or have caused to be sent out from any email account or online service provider to multiple third-parties at once or in rapid succession concerning federal firearms licensing in the United States, including documents and communications sufficient to identify each recipient of any such newsletter, list serve, or email blast and describe how recipients were able to opt-into receiving such communications or otherwise became designated as a recipient of the same.

**Response No. 22:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the phrase "online service provider," ambiguous as to the meaning of "opt-into," ambiguous as to the meaning of "in rapid succession" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent it

16

directs Defendant to "describe" anything. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 23**

All documents and communications concerning Your allegation that BMaddox or Brandon Maddox made any statement concerning You with malice or the intent to cause harm to Your business and reputation.

**Response No. 23:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 24**

Documents sufficient to show the nature and quality of Defendant Platinum's services.

**Response No. 24:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "quality," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 25**

17

All documents and communications concerning Your knowledge of <RocketFFL.com>.

**Response No. 25:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of the phrase "concerning Your knowledge," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

## REQUEST NO. 26

All documents and communications concerning every third party employed by You, Defendant Osko, or Defendant Platinum in connection with <FFLTrust.com>.

**Response No. 26:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants or of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, ambiguous as to the meaning of "employed" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 27

All documents and communications concerning any damages You claim to have suffered in this action.

**Response No. 27:**

81

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, seeks confidential or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 28

All documents and communications concerning Defendant Osko's role in the creation, maintenance, administration, or management of <FFLTrust.com>.

### Response No. 28:

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants or of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, ambiguous as to the meaning of "role" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 29

All documents and communications concerning the creation, acquisition, or inclusion of any federal firearms license that appears or has appeared in any materials sold, distributed, or displayed by or at <FFLTrust.com>.

### Response No. 29:

19

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the phrase "the creation, acquisition, or inclusion of" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 30**

Documents and communications sufficient to show the nature of Defendant Osko's business.

**Response No. 30:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "nature," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 31**

All documents and communications concerning Rabiul Islam as referenced in Your Counterclaims.

**Response No. 31:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad,

20

and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 32**

All documents and communications concerning Alexey Bubily as referenced in Your Counterclaims.

**Response No. 32:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 33**

All documents and communications concerning every use of or participation in the DMCA's notice and takedown procedure by any party to this lawsuit.

**Response No. 33:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of the phrase "use of or participation in," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce

21

any non-privileged documents within his actual possession, custody or control that can be
located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 34

All documents and communications concerning any statement made by BMaddox or Brandon
Maddox that you assert threatened You, Your family, or any of Your associates with physical
violence.

**Response No. 34:**

Defendant specifically objects to this Request on the grounds that it seeks the
production of documents that are not in the actual possession, custody, or control of
Defendant, but rather are in the possession, custody, and control of Counterdefendants or of
third parties. Defendant further specifically objects to this Request on the grounds that it is
wholly overly broad, vague and ambiguous as to the meaning of the phrase "physical
violence," unduly burdensome, and seeks information or documents that are neither relevant
to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and
subject to a stipulated confidentiality agreement and protective order, Defendant will produce
any non-privileged documents within his actual possession, custody or control that can be
located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 35

All documents and communications concerning any communication with Your parents about
the subject matter of this case, BMaddox, Brandon Maddox, or any communications they
have received from any other person concerning the same.

**Response No. 35:**

Defendant specifically objects to this Request on the grounds that it seeks the
production of documents that are not in the actual possession, custody, or control of
Defendant, but rather are in the possession, custody, and control of Counterdefendants or of
third parties. Defendant further specifically objects to this Request on the grounds that it is
wholly overly broad, unduly burdensome, and seeks information or documents that are
neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and
subject to a stipulated confidentiality agreement and protective order, Defendant will produce
any non-privileged documents within his actual possession, custody or control that can be

22

located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 36**

Documents and communications sufficient to identify every domain that You own, control, manage, or administer.

**Response No. 36:**

 Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad (other domains are not at issue in this case), unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

 Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 37**

Documents and communications sufficient to identify every legal position You have held in any capacity, describe Your duties in such positions, and identify when and for how long you held each position.

**Response No. 37:**

 Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "legal position," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent it directs Defendant to "describe" or "identify" anything.

**REQUEST NO. 38**

23

**REQUEST NO. 38:**

All documents and communications on which You rely to assert that You cannot attend a settlement hearing in the United States.

**Response No. 38:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 39**

Documents and communications sufficient to describe Your citizenship status.

**Response No. 39:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "describe" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 40**

Documents and communications sufficient to identify every article or other piece You have written and published during the past four (4) years.

**Response No. 40:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "piece" in the context of this Request, ambiguous as to the meaning of "published," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 41**

24

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox obtained private information about You using surreptitious or unlawful means.

**Response No. 41:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the meaning of the phrase "using surreptitious or unlawful means," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 42**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox and Brandon Maddox have a history of employing third parties' to "do their hacking bidding for them . . . ."

**Response No. 42:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the meaning of the phrase "employing third parties'," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 43**

25

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox registered <MiladOSkouie.com> with a bad faith, specific intent to profit from said registration.

**Response No. 43:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the meaning of the phrase "bad faith, specific intent to profit," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 44**

All documents and communications upon which You intend to rely to support Your assertion that any statement made by BMaddox or Brandon Maddox was likely to deceive consumers as to Defendant Platinum's services.

**Response No. 44:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

26

**REQUEST NO. 45**

All documents and communications upon which You intend to rely to support Your assertion that Defendant Platinum's reputation has been irreparably harmed.

**Response No. 45:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 46**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox engaged in a pattern of unfair competition.

**Response No. 46:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 47**

All documents and communications upon which You intend to rely to support Your assertion that You are entitled to punitive damages under any claim You have asserted.

**Response No. 47:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 48**

All documents and communications upon which You intend to rely to support Your assertion that either BMaddox or Brandon Maddox knew of any claimed contracts You or Defendant Platinum had entered into with third parties.

**Response No. 48:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, wholly overly broad, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce

28

any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 49**

All contracts or agreements between You or Defendant Platinum and Your or Defendant Platinum's hosting providers during the past four (4) years.

**Response No. 49:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FFLTrust.com> are not at issue), vague as to the meaning of "hosting providers," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of Request No. 10.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 50**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox intentionally and improperly interfered with any contracts between You or Defendant Platinum and any third party intending to damage Your or Defendant Platinum's business.

**Response No. 50:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the meaning of the phrase "intending to damage," unduly burdensome, and seeks information or documents that are neither relevant

29

to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 51**

Documents and things sufficient to identify every computer, tablet, cellular phone, notebook, laptop, or other computing device that You have owned, leased, or regularly used, at work or otherwise, during the past four (4) years.

**Response No. 51:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney–client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague as to the meaning of "regularly used," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 52**

All documents and communications concerning any claim You or any other Defendant has made to own any rights protected by copyright in connection with <infinitconversions.com>, <TheUninitor.com>, <FPLTrust.com>, or any other content during the past four (4) years.

**Response No. 52:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad (other websites are not at issue), vague and ambiguous as to the meaning of the phrase "any claim You or any other Defendant has made to own any rights protected by copyright."

30

unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

**REQUEST NO. 53**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox has unlawfully monopolized in the "FFL guide market" or the "online FFL guide submarket."

**Response No. 53:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, wholly overly broad, vague and ambiguous as to the meaning of the phrase "unlawfully monopolized," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 54**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox registered <MiladOskouie.com> with a bad faith, specific intent to profit from said registration.

**Response No. 54:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, wholly overly broad, vague and ambiguous as to the meaning of the phrase "suppressed competition," unduly burdensome, and seeks information or documents that are

31

neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 55

All documents and communications upon which You intend to rely to support Your claim that BMaddox or Brandon Maddox intentionally interfered with any property or chattel owned by Defendant Platinum and that any such alleged interference damaged Defendant Platinum.

**Response No. 55:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 56

All documents and communications upon which You intend to rely to support Your allegation that any of BMaddox's or Brandon Maddox's alleged actions concerning the subject matter of this lawsuit were "extreme and outrageous."

**Response No. 56:**

Defendant specifically objects on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of

32

Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 57**

All documents and communications upon which You intend to rely to support Your assertion that You have "experienced extreme emotional distress" as a result of BMaddox's or Brandon Maddox's allegedly wrongful acts.

**Response No. 57:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 58**

All documents and communications upon which You intend to rely to support Your allegation that any of BMaddox's or Brandon Maddox's alleged actions concerning the subject matter of this lawsuit constituted "an unreasonable, unwarranted, serious and offensive intrusion upon" Your seclusion.

**Response No. 58:**

33

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 59

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox used Your likeness, image, and/or information for purposes of trade or advertising.

**Response No. 59:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 60

All documents and communications upon which You intend to rely to support Your assertion that You are entitled to an award of attorneys' fees under any claim You have asserted.

**Response No. 60:**

34

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 61**

Documents and communications sufficient to identify with specificity what information that was published about You that You claim invaded on Your right to privacy.

**Response No. 61:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is overly broad and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within his actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

Dated: Tehran, Iran
18 October 2019

Milad Oskouie

VERIFICATION I hereby declare under penalty of perjury that the facts stated in the foregoing DEFENDANT MILAD OSKOUIE'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT MILAD OSKOUIE are true and correct to the best of my knowledge, information and belief.

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document:

DEFENDANT MILAD OSKOUIE'S RESPONSES AND OBJECTIONS TO PLAINTIFF
AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANT MILAD OSKOUIE

has been served via email on:

> Anderson J. Duff, Esq.
> Revision Legal, PLLC
> 244 5th Avenue, Suite 2230
> New York, NY 10001
> Phone: 212.996.4103
> E-mail: anderson@revisionlegal.com and ajd@revisionlegal.com

this 18th day of October, 2019

_Milad Oskouie_

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMADDOX ENTERPRISES LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>MILAD OSKOUIE, OSKO M LTD, and<br>PLATINUM AVENUE HOLDINGS<br>PTY, LTD,<br><br>               Defendants. | Case No.: 1:17-cv-01889-RA-HBP<br><br>**DEFENDANT OSKO M LTD'S<br>RESPONSES AND OBJECTIONS TO<br>PLAINTIFF AND COUNTERCLAIM<br>DEFENDANTS' FIRST REQUESTS FOR<br>THE PRODUCTION OF DOCUMENTS<br>AND THINGS TO DEFENDANT OSKO<br>M LTD** |
| MILAD OSKOUIE and PLATINUM<br>AVENUE HOLDINGS PTY, LTD,<br><br>               Counterclaimants,<br><br>   v.<br><br>BMADDOX ENTERPRISES LLC and<br>BRANDON MADDOX,<br><br>               Counterdefendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34 Defendant Osko M Ltd. ("Defendant" or "Platinum") hereby responds and objects to Plaintiff and Counterclaim Defendants' First Requests for the Production of Documents and Things to Defendant Osko M Ltd ("Request(s)") as set forth below. Defendant's discovery efforts are continuing and they reserve the right to amend or supplement these responses and objections as necessary.

## INTRODUCTION

Counterdefendants' Requests seek massive amounts of information with respect to overly and unnecessarily broad subject areas, and with respect to matters defined or referred

to in such a vague and uncertain manner as to make meaningful responses impossible or impractical. The overwhelming majority of responses to the requested Requests that are neither relevant to any party's claim or defense nor proportional to the needs of the case, or their relevance is marginal at most and their potential value in this litigation is substantially outweighed by the burden, expense and inconvenience that would be required to answer the requested Requests. Other documents requested by Counterdefendants are already in Counterdefendants' possession or are available from other readily accessible sources. Furthermore, Counterdefendants' Requests seek documents that are, at least in part, secret, sensitive, and confidential. As discovery is continuing, Defendant reserves the right to supplement its responses to these Requests. Finally, Counterdefendants' Requests are objectionable and improper for numerous additional reasons set forth in the below General Qualifications and Objections and below responses to the individual paragraphs of the Requests. This Introductory Statement and the following General Qualifications and Objections are incorporated by reference in response to each and every one of Counterdefendants' Requests.

## GENERAL QUALIFICATIONS AND OBJECTIONS

1.   Defendant objects to each and every request insofar as and to the extent it seeks documents and information protected by the attorney-client privilege (hereinafter, "Attorney-Client Privilege"), the work product doctrine, (hereinafter, "Attorney Work Product") or any other applicable privilege or immunity and will not produce such information. Any inadvertent disclosure of such documents shall not be a waiver of the

2

attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

2.      Defendant objects to each and every request to the extent it calls for the production of documents that are neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Relevance").

3.      Defendant objects to each and every request to the extent that they seek documents outside of the scope of Defendants' knowledge (hereinafter, "Outside the Scope").

4.      Defendant object to each and every request the extent it is overly broad, vague and ambiguous, unduly burdensome or not reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Vague and Ambiguous" or "Overly Broad").

5.      Defendant objects to each and every request to the extent it is duplicative of a request previously asked (hereinafter, "Duplicative").

6.      Defendant objects to each and every request to the extent it improperly calls for a legal conclusion (hereinafter, "Legal Conclusion").

7.      Defendant objects to each and every request to the extent it is premature in nature (hereinafter, "Premature").

8.      Defendant objects to each and every request insofar as and to the extent it seeks divulgence of trade secrets, confidential or proprietary information of any third-party, (hereinafter, "Confidentiality"), provided, however, that such information may be disclosed subject to Defendant's other general and specific objections, and subject to protective order.

3

9.    Defendant objects to each and every request in its entirety on the ground that Defendant is responding on the basis of its current knowledge and information. Defendant reserves the right to supplement each of its Requests.

10.    Defendant objects to each Request to the extent it purports to impose obligations beyond those required by the Federal Rules.

11.    Defendant objects to each Request to the extent that it seeks documents not in Defendant's actual possession, custody, or control.

12.    Defendant is providing these responses and producing documents without waiver of or prejudice to Defendant's right at any later time, to raise objections to (a) the competence, relevance, materiality, privilege or admissibility of (i) the Request or any part thereof, (ii) statements made in this response to the Request or any part thereof, or (iii) any document produced pursuant to this response, or (b) any other demand for discovery involving or relating to the request.

13.    Defendant reserves the right to redact documents in response to the Requests.

14.    Defendant objects to Counterdefendants' Requests to the extent they purport to use terms that are not defined in the Definitions contained therein, such that Defendants cannot make meaningful responses to same.

15.    Defendant objects to Counterdefendants' Requests on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence.

16.    Defendant objects to Counterdefendants' Requests to the extent Counterdefendants attempt to impose duties of supplementation or otherwise contrary to or

4

inconsistent with the Federal Rules.

17.     Defendant objects to the definitions of "Defendant," "You," and "Your" to the extent that they are overbroad and purport to include persons or entities that are not Defendant.

18.     Defendant objects to Instruction Nos. 5-6 and the requested forms for producing electronically stored information. Defendant further objects to the aforesaid instructions to the extent they seek production of documents in more than one form. Defendant will produce responsive documents in the form in which they are ordinarily maintained or PDF, TIFF or Relativity production load files.

19.     Defendant objects to Instruction No. 8 as vague as to the meanings of "non-identical copy" and "non-identical original." Defendant further objects to the aforesaid instruction to the extent it seeks production of documents in more than one form.

20.     Defendant objects to Instruction No. 10 to the extent that it attempts to impose duties contrary to or inconsistent with the Federal Rules.

21.     Defendant's responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response.

22.     Defendant reserves the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein and the production made pursuant thereto. Each of the specific responses below are made subject to Defendant's continuing investigation, and with the understanding that Defendant may supplement the specific responses and/or the documents produced in response at some point in the future.

Subject to and without waiving such General Objections, Defendant responds as follows:

**REQUEST NO. 1**

All documents and communications relied upon or consulted by You in responding to BMaddox's First Set of Interrogatories to Defendant Osko.

**Response No. 1:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 2**

All documents and communications responsive to BMaddox's First Set of Interrogatories to Defendant Osko.

**Response No. 2:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly

9

burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

documents exist.

**REQUEST NO. 3**

All documents and communications concerning the creation, maintenance, and administration of any and every iteration of the website or other content that has appeared at <FFLTrust.com>.

**Response No. 3:**

Defendant specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 4**

All documents and communications concerning the management, administration, finances, financial record keeping, cash flow, or the manner in which You processed any money or benefit arising out of Your businesses, including but not limited to <FFLTrust.com>, <InfiniteConversions.com>, and <TheUnitutor.com>, during each of the past four (4) years, including documents sufficient to show gross sales, net profit, advertising expenditures, and online traffic to each website for each year.

**Response No. 4:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of

Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FPLTrust.com> are not at issue), unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of prior, more specific requests.

## REQUEST NO. 5

All documents and communications concerning each internet service provider, virtual private network service provider, electronic communication service, and remote computing service that provided services to You concerning the operation of <FPLTrust.com>, <TheInfinitor.com>, or <InfiniteConversions.com> including any agreements, whether written or otherwise, between any such provider and any Defendant.

**Response No. 5:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FPLTrust.com> are not at issue), vague as to the meaning of "electronic communication service" and "remote computing service," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent or prior, more specific requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 6

Documents and communications sufficient to identify every account You currently have or have had access to during the past four (4) years at any bank or other financial service

8

provider, including any account that You share, draw from, or otherwise have access to but do not control.

**Response No. 6:**

Defendant specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 7**

All documents and communications concerning any legal claims or lawsuits filed by or against You during the past ten (10) years.

**Response No. 7:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "legal claims," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further object to this Request on the grounds that it is duplicative of Request Nos. 15-16 directed Defendant Milad Oskouie.

**REQUEST NO. 8**

All documents and communications concerning every social media account You have, during the past four (4) years, used in connection with <FFLTrust.com>, <TheUnitutor.com>, <infiniteconversions.com> whether such account was owned by You or otherwise.

**Response No. 8:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "as a trademark," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses. Defendants further object to this Request on the grounds that it is duplicative of Request No. 4 directed Defendant Milad Oskouie, and refers

9

Counterdefendants to those documents to be produced in response to that Request.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 9

All materials upon which You or anyone working with or for You relied to create any content that did or was intended to appear at <FFLTrust.com>.

**Response No. 9:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties, including but not limited to the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 10

All documents and communications concerning every edition of every educational product sold, distributed, or displayed by or at <FFLTrust.com>.

**Response No. 10:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other

10

applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "educational product," ambiguous as to the meaning of "edition," ambiguous as to the meaning of "by or at" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 11**

All documents and communications You have sent or have caused to be sent out from any email account or online service provider to multiple third-parties at once or in rapid succession concerning federal firearms licensing in the United States, including documents and communications sufficient to identify each recipient of any such newsletter, list serve, or email blast and describe how recipients were able to opt-into receiving such communications or otherwise became designated as a recipient of the same.

**Response No. 11:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the phrase "online service provider," ambiguous as to the meaning of "opt-into," ambiguous as to the meaning of "in rapid succession" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent it directs Defendant to "describe" anything. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

11

## REQUEST NO. 12

Documents sufficient to show the nature and quality of Your services.

**Response No. 12:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "quality," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

## REQUEST NO. 13

All documents and communications concerning every third party employed by You, Defendant Osko, or Defendant Platinum in connection with <FPLTrust.com>.

**Response No. 13:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants or of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, ambiguous as to the meaning of "employed" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 14

All documents and communications concerning any damages You claim to have suffered in this action.

12

**Response No. 14:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, seeks confidential or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, no responsive documents exist.

**REQUEST NO. 15**

All documents and communications concerning Your role in the creation, maintenance, administration, or management of <FFLTrust.com>.

**Response No. 15:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, ambiguous as to the meaning of "role" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 16**

All documents and communications concerning the creation, acquisition, or inclusion of any federal firearms license that appears or has appeared in any materials sold, distributed, or displayed by or at <FFLTrust.com>.

**Response No. 16:**

13

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the phrase "the creation, acquisition, or inclusion of" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

### REQUEST NO. 17

Documents and communications sufficient to identify every domain that You own, control, manage, or administer.

**Response No. 17:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad (other domains are not at issue in this case), unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

### REQUEST NO. 18

Documents and things sufficient to identify every computer, tablet, cellular phone, notebook, laptop, or other computing device that You have owned, leased, or regularly used, at work or

14

otherwise, during the past four (4) years.

**Response No. 18:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague as to the meaning of "regularly used," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 19**

All documents and communications concerning any claim You have made to own any rights protected by copyright in connection with <infiniteconversions.com>, <TheUnitutor.com>, <FFLTrust.com>, or any other content during the past four (4) years.

**Response No. 19:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad (other websites are not at issue), vague and ambiguous as to the meaning of the phrase "any claim You have made to own any rights protected by copyright," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Dated: Tehran, Iran
18 October 2019

Milad Oskouie

15

VERIFICATION I hereby declare under penalty of perjury that the facts stated in the foregoing **DEFENDANT OSKO M LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT OSKO M LTD** are true and correct to the best of my knowledge, information and belief.

_(signature)_

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANT OSKO M LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT OSKO M LTD**

has been served via email on:

Anderson J. Duff, Esq.
Revision Legal, PLLC
244 5th Avenue, Suite 2230
New York, NY 10001
Phone: 212.996.4103
E-mail: anderson@revisionlegal.com and ajd@revisionlegal.com

this 18th Day of October 2019

_(signature)_

Milad Oskouie

16

17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BMADDOX ENTERPRISES LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>MILAD OSKOUIE, OSKO M LTD, and<br>PLATINUM AVENUE HOLDINGS<br>PTY, LTD,<br><br>            Defendants. | Case No.: 1:17-cv-01889-RA-HBP<br><br>**DEFENDANT OSKO M LTD'S<br>RESPONSES AND OBJECTIONS TO<br>PLAINTIFF AND COUNTERCLAIM<br>DEFENDANTS' FIRST SET OF<br>INTERROGATORIES TO DEFENDANT<br>OSKO M LTD** |
| MILAD OSKOUIE and PLATINUM<br>AVENUE HOLDINGS PTY, LTD,<br><br>            Counterclaimants,<br><br>v.<br><br>BMADDOX ENTERPRISES LLC and<br>BRANDON MADDOX,<br><br>            Counterdefendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 33 Defendant Osko M, Ltd ("Defendant" or "Osko") hereby responds and objects to Plaintiff and Counterclaim Defendants' First Set of Interrogatories to Defendant Osko M, Ltd ("Interrogatory(ies)") as set forth below. Defendant's discovery efforts are continuing and they reserve the right to amend or supplement these responses and objections as necessary.

**GENERAL QUALIFICATIONS AND OBJECTIONS**

1.    Defendant objects to each interrogatory to the extent it seeks privileged attorney-client communications, protected work product, trade secrets or confidential and/or proprietary information.

2.	Defendant objects to each interrogatory to the extent it calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case.

3.	Defendant objects to each interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of United States District Court for the Southern District of New York, as well as any orders entered in this matter.

4.	Defendant objects to each interrogatory to the extent it is overbroad, vague, ambiguous, unduly burdensome, not sufficiently limited in scope, undefined and subject to different interpretations in different contexts.

5.	Defendant objects to each interrogatory to the extent that it is premature in nature.

6.	Defendant objects to the definition of "Defendant" to the extent it is overbroad and purports to include persons or entities that are not Defendant.

7.	Defendant objects to Plaintiff's Interrogatories on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence nor proportional to the needs of the case.

8.	Defendant's responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response.

9.	Defendants reserve the right to supplement their responses to Plaintiff's

2

Interrogatories as more information becomes known.

10.     Each of the foregoing General Objections is incorporated within each of the responses set forth herein.

11.     Defendant objects to Instruction No. 2 to the extent that it attempts to impose duties contrary to or inconsistent with the Federal Rules.

Subject to and without waiving such General Objections, Defendant responds as follows:

**INTERROGATORY NO. 1**

Identify each person who participated in, assisted with, or provided any information used in the preparation of the website appearing at <ffltrust.com>.

**Response No. 1:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

**INTERROGATORY NO. 2**

Identify each person who has personal knowledge concerning the subject matter of this litigation including but not limited to the allegations set forth in the Complaint and the Counterclaims.

3

**Response No. 2:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

**INTERROGATORY NO. 3**

Identify each person who has personal knowledge concerning the management, administration, finances, financial record keeping, cash flow, or the manner in which Osko processed any money or profit arising out of its businesses, including but not limited to <FFLTrust.com>, <InfiniteConversions.com>, and <TheUnitor.com> during the past four (4) years.

**Response No. 3:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist

4

in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

## INTERROGATORY NO. 4

Identify each internet service provider, cell phone provider, virtual private network service provider, electronic communication service, and remote computing service that provided any service to You concerning the operation of <FFLTrust.com>, <TheUnitutor.com>, or <InfiniteConversions.com> as well as each agreement, whether written or otherwise made, between any such service provider and Yourself.

### Response No. 4:

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

## INTERROGATORY NO. 5

Identify each resource upon to create the content that has appeared on <FFLTrust.com> at any point in time.

### Response No. 5:

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, vague as to the phrase "upon to create," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the

5

needs of the case. Defendant further objects to this interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant also objects to this interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

**INTERROGATORY NO. 6**

Identify every computer, tablet, cellular phone, notebook, laptop, or other computing device that You have owned, leased, or regularly used, at work or otherwise, during the past four (4) years.

**Response No. 6:**

Defendant specifically objects to this s interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this interrogatory as in violation of Local Rule 33.3(a). Defendant further objects to this interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant further objects to this interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

**INTERROGATORY NO. 7**

Identify every office You have maintained or currently maintain.

**Response No. 7:**

Defendant specifically objects to this s interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant also objects to this interrogatory as in violation of Local Rule 33.3(a). Defendant further objects to this interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

Subject to and without waiving the foregoing General and Specific Objections, and

6

subject to a stipulated confidentiality agreement and protective order, Defendant responds as follows: none.

## INTERROGATORY NO. 8

Identify every copyright registration You own or have owned in any jurisdiction.

**Response No. 8:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).  Defendant further objects to this interrogatory as violating Fed. R. Civ. P. 33(a) to the extent that the total number of interrogatories (including subparts) propounded by Plaintiff exceeds twenty-five (25). Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant responds as follows: none.

Dated: Tehran, Iran
      October 18th, 2019

Milad Oskouie

7

VERIFICATION I hereby declare under penalty of perjury that the facts stated in the foregoing DEFENDANT OSKO M LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT OSKO M LTD are true and correct to the best of my knowledge, information and belief.

*Milad Oskouie*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANT OSKO M LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT OSKO M LTD**

has been served via email on:

Anderson J. Duff, Esq.
Revision Legal, PLLC
244 5th Avenue, Suite 2230
New York, NY 10001
Phone: 212.996.4103
E-mail: anderson@revisionlegal.com and ajd@revisionlegal.com

this 18th day of October, 2019

*Milad Oskouie*

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BMADDOX ENTERPRISES LLC,<br><br>    Plaintiff,<br><br> v.<br><br>MILAD OSKOUIE, OSKO M LTD, and<br>PLATINUM AVENUE HOLDINGS<br>PTY, LTD,<br><br>    Defendants. | Case No.: 1:17-cv-01889-RA-HBP<br><br>**DEFENDANT PLATINUM AVENUE<br>HOLDINGS PTY, LTD'S RESPONSES<br>AND OBJECTIONS TO PLAINTIFF<br>AND COUNTERCLAIM DEFENDANTS'<br>FIRST REQUESTS FOR THE<br>PRODUCTION OF DOCUMENTS AND<br>THINGS TO DEFENDANT PLATINUM<br>AVENUE HOLDINGS PTY, LTD** |
| MILAD OSKOUIE and PLATINUM<br>AVENUE HOLDINGS PTY, LTD,<br><br>    Counterclaimants,<br><br>v.<br><br>BMADDOX ENTERPRISES LLC and<br>BRANDON MADDOX,<br><br>    Counterdefendants. | |

  Pursuant to Federal Rules of Civil Procedure 26 and 34 Defendant Platinum Avenue Holdings Pty, Ltd. ("Defendant" or "Platinum") hereby responds and objects to Plaintiff and Counterclaim Defendants' First Requests for the Production of Documents and Things to Defendant Platinum Avenue Holdings Pty, Ltd ("Request(s)") as set forth below. Defendant's discovery efforts are continuing and they reserve the right to amend or supplement these responses and objections as necessary.

# INTRODUCTION

Counterdefendants' Requests seek massive amounts of information with respect to overly and unnecessarily broad subject areas, and with respect to matters defined or referred to in such a vague and uncertain manner as to make meaningful responses impossible or impractical. The overwhelming majority of responses to the requested Requests that are neither relevant to any party's claim or defense nor proportional to the needs of the case, or their relevance is marginal at most and their potential value in this litigation is substantially outweighed by the burden, expense and inconvenience that would be required to answer the requested Requests. Other documents requested by Counterdefendants are already in Counterdefendants' possession or are available from other readily accessible sources. Furthermore, Counterdefendants' Requests seek documents that are, at least in part, secret, sensitive, and confidential. As discovery is continuing, Defendant reserves the right to supplement its responses to these Requests. Finally, Counterdefendants' Requests are objectionable and improper for numerous additional reasons set forth in the below General Qualifications and Objections and below responses to the individual paragraphs of the Requests. This Introductory Statement and the following General Qualifications and Objections are incorporated by reference in response to each and every one of Counterdefendants' Requests.

# GENERAL QUALIFICATIONS AND OBJECTIONS

1.      Defendant objects to each and every request insofar as and to the extent it seeks documents and information protected by the attorney-client privilege (hereinafter, "Attorney-Client Privilege"), the work product doctrine, (hereinafter, "Attorney Work

Product") or any other applicable privilege or immunity and will not produce such information.  Any inadvertent disclosure of such documents shall not be a waiver of the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

2.      Defendant objects to each and every request to the extent it calls for the production of documents that are neither relevant to the subject matter of this Action nor reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Relevance").

3.      Defendant objects to each and every request to the extent that they seek documents outside of the scope of Defendants' knowledge (hereinafter, "Outside the Scope").

4.      Defendant object to each and every request the extent it is overly broad, vague and ambiguous, unduly burdensome or not reasonably calculated to lead to the discovery of admissible evidence (hereinafter, "Vague and Ambiguous" or "Overly Broad").

5.      Defendant objects to each and every request to the extent it is duplicative of a request previously asked (hereinafter, "Duplicative").

6.      Defendant objects to each and every request to the extent it improperly calls for a legal conclusion (hereinafter, "Legal Conclusion").

7.      Defendant objects to each and every request to the extent it is premature in nature (hereinafter, "Premature").

8.      Defendant objects to each and every request insofar as and to the extent it seeks divulgence of trade secrets, confidential or proprietary information of any third-party,

3

(hereinafter, "Confidentiality"), provided, however, that such information may be disclosed subject to Defendant's other general and specific objections, and subject to protective order.

9.       Defendant objects to each and every request in its entirety on the ground that Defendant is responding on the basis of its current knowledge and information. Defendant reserves the right to supplement each of its Requests.

10.      Defendant objects to each Request to the extent it purports to impose obligations beyond those required by the Federal Rules.

11.      Defendant objects to each Request to the extent that it seeks documents not in Defendant's actual possession, custody, or control.

12.      Defendant is providing these responses and producing documents without waiver of or prejudice to Defendant's right at any later time, to raise objections to (a) the competence, relevance, materiality, privilege or admissibility or (i) the Request or any part thereof, (ii) statements made in this response to the Request or any part thereof, or (iii) any document produced pursuant to this response, or (b) any other demand for discovery involving or relating to the request.

13.      Defendant reserves the right to redact documents in response to the Requests.

14.      Defendant objects to Counterdefendants' Requests to the extent they purport to use terms that are not defined in the Definitions contained therein, such that Defendants cannot make meaningful responses to same.

15.      Defendant objects to Counterdefendants' Requests on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence.

4

16.     Defendant objects to Counterdefendants' Requests to the extent Counterdefendants attempt to impose duties of supplementation or otherwise contrary to or inconsistent with the Federal Rules.

17.     Defendant objects to the definitions of "Defendant," "You," and "Your" to the extent that they are overbroad and purport to include persons or entities that are not Defendant.

18.     Defendant objects to Instruction Nos. 5-6 and the requested forms for producing electronically stored information. Defendant further objects to the aforesaid instructions to the extent they seek production of documents in more than one form. Defendant will produce responsive documents in the form in which they are ordinarily maintained or PDF, TIFF or Relativity production load files.

19.     Defendant objects to Instruction No. 8 as vague as to the meanings of "non-identical copy" and "non-identical original." Defendant further objects to the aforesaid instruction to the extent it seeks production of documents in more than one form.

20.     Defendant objects to Instruction No. 10 to the extent that it attempts to impose duties contrary to or inconsistent with the Federal Rules.

21.     Defendant's responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response.

22.     Defendant reserves the right at any time to revise, correct, add to, or clarify the objections or responses set forth herein and the production made pursuant thereto. Each of the specific responses below are made subject to Defendant's continuing investigation,

5

and with the understanding that Defendant may supplement the specific responses and/or the documents produced in response at some point in the future.

Subject to and without waiving such General Objections, Defendant responds as follows:

**REQUEST NO. 1**

All documents and communications relied upon or consulted by Defendant Platinum in responding to BMaddox's First Set of Interrogatories to Defendant Platinum.

**Response No. 1:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 2**

All documents and communications responsive to BMaddox's First Set of Interrogatories to Defendant Platinum.

**Response No. 2:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of

6

third parties.  Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 3**

All documents and communications concerning Your alleged use of MILAD OSKOUIE as a trademark.

**Response No. 3:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, vague and ambiguous as to the phrase "as a trademark," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.  Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, no responsive documents exist.

**REQUEST NO. 4**

All documents and communications concerning the creation, maintenance, and administration of any and every iteration of the website or other content that has appeared at <FFLTrust.com>.

7

**Response No. 4:**

Defendant specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 5

All documents and communications concerning any market research conducted by or for You or at Your direction concerning educational materials in the field of federal firearms licensing under United States law.

**Response No. 5:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague as the term "market research," ambiguous as to the meaning of "educational materials," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 6

All documents and communications concerning the management, administration, finances, financial record keeping, cash flow, or the manner in which You processed any money or benefit arising out of Your businesses, including but not limited to <FFLTrust.com>, <InfiniteConversions.com>, and <TheUnitutor.com>, during each of the past four (4) years, including documents sufficient to show gross sales, net profit, advertising expenditures, and online traffic to each website for each year.

**Response No. 6:**

8

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FFLTrust.com> are not at issue), unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent or prior, more specific requests.

**REQUEST NO. 7**

All documents and communications concerning each internet service provider, virtual private network service provider, electronic communication service, and remote computing service that provided services to You concerning the operation of <FFLTrust.com>, <TheUnitutor.com>, or <InfiniteConversions.com> including any agreements, whether written or otherwise, between any such provider and any Defendant.

**Response No. 7:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FFLTrust.com> are not at issue), vague as to the meaning of "electronic communication service" and "remote computing service," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent or prior, more specific requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 8**

All documents and communications concerning any damages You claim to have suffered as a result of actions taken by BMaddox or Brandon Maddox.

**Response No. 8:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties.  Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 9**

Documents and communications sufficient to identify every account You currently have or have had access to during the past four (4) years at any bank or other financial service provider, including any account that You share, draw from, or otherwise have access to but do not control.

**Response No. 9:**

Defendant specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 10**

All documents and communications concerning any legal claims or lawsuits filed by or against You during the past ten (10) years.

**Response No. 10:**

10

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "legal claims," and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further object to this Request on the grounds that it is duplicative of Request Nos. 15-16 directed to Defendant Milad Oskouie.

**REQUEST NO. 11**

All documents and communications concerning every social media account You have, during the past four (4) years, used in connection with <FFLTrust.com>, <TheUnitutor.com>, <infiniteconversions.com>whether such account was owned by You or otherwise.

**Response No. 11:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "as a trademark," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses. Defendants further object to this Request on the grounds that it is duplicative of Request No. 4 directed to Defendant Milad Oskouie, and refers Counterdefendants to those documents to be produced in response to that Request.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 12**

All materials upon which You or anyone working with or for You relied to create any content that did or was intended to appear at <FFLTrust.com>.

**Response No. 12:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of

11

Defendant, but rather are in the possession, custody, and control of Counterdefendants, or of third parties, including but not limited to the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant further specifically objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent, more specific requests, and refer Counterdefendants to those documents to be produced in response to those requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 13

All documents and communications concerning every edition of every educational product sold, distributed, or displayed by or at <FPLTrust.com>.

**Response No. 13:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the phrase "educational product," ambiguous as to the meaning of "edition," ambiguous as to the meaning of "by or at" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 14

12

All documents and communications You have sent or have caused to be sent out from any email account or online service provider to multiple third-parties at once or in rapid succession concerning federal firearms licensing in the United States, including documents and communications sufficient to identify each recipient of any such newsletter, list serve, or email blast and describe how recipients were able to opt-into receiving such communications or otherwise became designated as a recipient of the same.

**Response No. 14:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the phrase "online service provider," ambiguous as to the meaning of "opt-into," ambiguous as to the meaning of "in rapid succession" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request to the extent it directs Defendant to "describe" anything. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 15**

Documents sufficient to show the nature and quality of Defendant Platinum's services.

**Response No. 15:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague as to the meaning of "quality," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

13

# REQUEST NO. 16

All documents and communications concerning every third party employed by You, Defendant Osko, or Defendant Platinum in connection with <FPLTrust.com>.

**Response No. 16:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of other Defendants or of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, ambiguous as to the meaning of "employed" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

# REQUEST NO. 17

All documents and communications concerning any damages You claim to have suffered in this action.

**Response No. 17:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, seeks confidential or proprietary information.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

14

**REQUEST NO. 18**

All documents and communications concerning Defendant Platinum's role in the creation, maintenance, administration, or management of <FFLTrust.com>.

**Response No. 18:**

Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, ambiguous as to the meaning of "role" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 19**

All documents and communications concerning the creation, acquisition, or inclusion of any federal firearms license that appears or has appeared in any materials sold, distributed, or displayed by or at <FFLTrust.com>.

**Response No. 19:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the phrase "the creation, acquisition, or inclusion of" in the context of this Request, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

Subject to and without waiving the foregoing General and Specific Objections, and

15

**REQUEST NO. 20**

All documents and communications concerning Rabiul Islam as referenced in Your Counterclaims.

**Response No. 20:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 21**

All documents and communications concerning Alexey Bubliy as referenced in Your Counterclaims.

**Response No. 21:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further objects to this Request on the grounds that it is premature, overly broad, and unduly burdensome.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

16

**REQUEST NO. 22**

Documents and communications sufficient to identify every domain that You own, control, manage, or administer.

**Response No. 22:**

       Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad (other domains are not at issue in this case), unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Request on the grounds that it is duplicative of subsequent and prior requests.

       Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 23**

All documents and communications upon which You intend to rely to support Your assertion that any statement made by BMaddox or Brandon Maddox was likely to deceive consumers as to Platinum's services.

**Response No. 23:**

       Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

       Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

81

## REQUEST NO. 24

All documents and communications upon which You intend to rely to support Your assertion that Platinum's reputation has been irreparably harmed.

**Response No. 24:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

## REQUEST NO. 25

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox engaged in a pattern of unfair competition.

**Response No. 25:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 26**

All documents and communications upon which You intend to rely to support Your assertion that You are entitled to punitive damages under any claim You have asserted.

**Response No. 26:**

      Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

      Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 27**

All documents and communications upon which You intend to rely to support Your assertion that either BMaddox or Brandon Maddox knew of any claimed contracts Platinum had entered into with third parties.

**Response No. 27:**

      Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, wholly overly broad, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

      Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce

any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 28**

All contracts or agreements between You and Your hosting providers during the past four (4) years.

**Response No. 28:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad (websites other than <FFLTrust.com> are not at issue), vague as to the meaning of "hosting providers," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant objects to this Request on the grounds that it is duplicative of Request No. 10 directed to Defendant Milad Oskouie.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 29**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox intentionally and improperly interfered with any contracts between You and any third party intending to damage business.

**Response No. 29:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad, vague and ambiguous as to the meaning of the phrase "intending to damage," unduly burdensome, and seeks information or documents that are neither relevant

20

to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 30**

Documents and things sufficient to identify every computer, tablet, cellular phone, notebook, laptop, or other computing device that You have owned, leased, or regularly used, at work or otherwise, during the past four (4) years.

**Response No. 30:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties.  Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this Request on the grounds that it is overly broad, vague as to the meaning of "regularly used," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.

**REQUEST NO. 31**

All documents and communications concerning any claim You have made to own any rights protected by copyright in connection with <infiniteconversions.com>, <TheUnitutor.com>, <FFLTrust.com>, or any other content during the past four (4) years.

**Response No. 31:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of third parties. Defendant further specifically objects to this Request on the grounds that it is wholly overly broad (other websites are not at issue), vague and ambiguous as to the meaning of the phrase "any claim You have made to own any rights protected by copyright," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor

21

**REQUEST NO. 32:**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox has unlawfully monopolized in the "FFL guide market" or the "online FFL guide submarket."

**Response No. 32:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, wholly overly broad, vague and ambiguous as to the meaning of the phrase "unlawfully monopolized," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 33**

All documents and communications upon which You intend to rely to support Your assertion that BMaddox or Brandon Maddox registered <MiladOSkouie.com> with a bad faith, specific intent to profit from said registration.

**Response No. 33:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, wholly overly broad, vague and ambiguous as to the meaning of the phrase "suppressed competition," unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal

22

proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 34**

All documents and communications upon which You intend to rely to support Your claim that BMaddox or Brandon Maddox intentionally interfered with any property or chattel owned by Platinum and that any such alleged interference damaged Platinum.

**Response No. 34:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants or of third parties. Defendant further specifically objects to this Request on the grounds that it is premature, overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

**REQUEST NO. 35**

All documents and communications upon which You intend to rely to support Your assertion that You are entitled to an award of attorneys' fees under any claim You have asserted.

**Response No. 35:**

Defendant specifically objects to this Request on the grounds that it seeks the production of documents that are not in the actual possession, custody, or control of Defendant, but rather are in the possession, custody, and control of Counterdefendants. Defendant further specifically objects to this Request to the extent that it seeks documents protected from discovery under the attorney-client privilege, attorney work product doctrine, or any other applicable privilege or protection.  Defendant further specifically objects to this

23

Request on the grounds that it is wholly overly broad, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. This Request also calls for a legal conclusion, and Defendant is not obligated to provide legal analysis in its discovery responses.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant will produce any non-privileged documents within its actual possession, custody or control that can be located after a reasonable and diligent search that are responsive to this Request.

Dated: Tehran, Iran
October 18th, 2019

Milad Oskouie

VERIFICATION I hereby declare under penalty of perjury that the facts stated in the foregoing DEFENDANT PLATINUM AVENUE HOLDINGS PTY, LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT PLATINUM AVENUE HOLDINGS PTY, LTD are true and correct to the best of my knowledge, information and belief.

Milad Oskouie

24

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANT PLATINUM AVENUE HOLDINGS PTY, LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT PLATINUM AVENUE HOLDINGS PTY, LTD**

has been served via email on:

> Anderson J. Duff, Esq.
> Revision Legal, PLLC
> 244 5th Avenue, Suite 2230
> New York, NY 10001
> Phone: 212.996.4103
> E-mail: anderson@revisionlegal.com and ajd@revisionlegal.com

this 18th day of October 2019

*Milad Oskouie*

25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BMADDOX ENTERPRISES LLC,

              Plaintiff,

    v.

MILAD OSKOUIE, OSKO M LTD, and
PLATINUM AVENUE HOLDINGS
PTY, LTD,

              Defendants.

Case No.: 1:17-cv-01889-RA-HBP

**DEFENDANT PLATINUM AVENUE
HOLDINGS PTY, LTD'S RESPONSES
AND OBJECTIONS TO PLAINTIFF
AND COUNTERCLAIM DEFENDANTS'
FIRST SET OF INTERROGATORIES
TO DEFENDANT AND
COUNTERCLAIM PLATINUM
AVENUE HOLDINGS PTY, LTD**

MILAD OSKOUIE and PLATINUM
AVENUE HOLDINGS PTY, LTD,

              Counterclaimants,

v.

BMADDOX ENTERPRISES LLC and
BRANDON MADDOX,

              Counterdefendants.

        Pursuant to Federal Rules of Civil Procedure 26 and 33 Defendant Platinum Avenue

Holdings Pty, Ltd ("Defendant" or "Platinum") hereby responds and objects to Plaintiff and

Counterclaim Defendants' First Set of Interrogatories to Defendant and Counterclaim

Plaintiff Platinum Avenue Holdings Pty, Ltd. ("Interrogatory(ies)") as set forth below.

Defendant's discovery efforts are continuing and they reserve the right to amend or

supplement these responses and objections as necessary.

**GENERAL QUALIFICATIONS AND OBJECTIONS**

1.  Defendant objects to each interrogatory to the extent it seeks privileged attorney-client communications, protected work product, trade secrets or confidential and/or proprietary information.

2.  Defendant objects to each interrogatory to the extent it calls for irrelevant information not reasonably calculated to lead to the discovery of admissible evidence nor proportional to the needs of the case.

3.  Defendant objects to each interrogatory to the extent it purports to impose obligations beyond those required by the Federal Rules of Civil Procedure and the Local Rules of United States District Court for the Southern District of New York, as well as any orders entered in this matter.

4.  Defendant objects to each interrogatory to the extent it is overbroad, vague, ambiguous, unduly burdensome, not sufficiently limited in scope, undefined and subject to different interpretations in different contexts.

5.  Defendant objects to each interrogatory to the extent that it is premature in nature.

6.  Defendant objects to the definition of "Defendant" to the extent it is overbroad and purports to include persons or entities that are not Defendant.

7.  Defendant objects to Plaintiff's Interrogatories on the grounds that they do not specify a time period relevant to the issues raised in this matter, such that seek documents that are not likely to lead to the discovery of admissible evidence nor proportional to the needs of the case.

2

8.      Defendant's responses herein are expressly subject to each of the foregoing "General Objections" and each of them are expressly incorporated by reference into each response.

9.      Defendants reserve the right to supplement their responses to Plaintiff's Interrogatories as more information becomes known.

10.     Each of the foregoing General Objections is incorporated within each of the responses set forth herein.

11.     Defendant objects to Instruction No. 2 to the extent that it attempts to impose duties contrary to or inconsistent with the Federal Rules.

Subject to and without waiving such General Objections, Defendant responds as follows:

**INTERROGATORY NO. 1**

Identify each person who participated in, assisted with, or provided any information used in the preparation of the website appearing at <ffltrust.com>.

**Response No. 1:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers

3

Counterdefendants to Defendants' initial disclosures.

**INTERROGATORY NO. 2**

Identify each person who has personal knowledge concerning the subject matter of this litigation including but not limited to the allegations set forth in the Complaint and the Counterclaims.

**Response No. 2:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

**INTERROGATORY NO. 3**

Identify each person who has personal knowledge concerning the management, administration, finances, financial record keeping, cash flow, or the manner in which Platinum processed any money or benefit arising out of its businesses, including but not limited to <FPLTrust.com>, <InfiniteConversions.com>, and <TheUnitutor.com> during the past four (4) years.

**Response No. 3:**

Defendant specifically objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information

4

sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

Subject to and without waiving the foregoing General and Specific Objections, and subject to a stipulated confidentiality agreement and protective order, Defendant also refers Counterdefendants to Defendants' initial disclosures.

**INTERROGATORY NO. 4**

Identify each internet service provider, cell phone provider, virtual private network service provider, electronic communication service, and remote computing service that provided any service to You concerning the operation of <FFLTrust.com>, <TheUnitutor.com>, or <InfiniteConversions.com> as well as each agreement, whether written or otherwise made, between any such service provider and Yourself.

**Response No. 4:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case.  Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought. In this respect, Defendant anticipates that it will produce documents that will contain the information requested to the extent that Counterdefendants requested such documents via its document requests and to the extent such documents exist in Defendant's possession, custody and control. Further, upon request and within the limits of Fed. R. Civ. P. 30 and other applicable rules and orders, Defendant will make one or more witnesses available to provide responsive deposition testimony.

**INTERROGATORY NO. 5**

Identify each resource upon to create the content that has appeared on <FFLTrust.com> at any point in time.

**Response No. 5:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, vague as to the phrase "upon to create," unduly burdensome, and seeks information or

documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

**INTERROGATORY NO. 6**

Identify every computer, tablet, cellular phone, notebook, laptop, or other computing device that You have owned, leased, or regularly used, at work or otherwise, during the past four (4) years.

**Response No. 6:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

**INTERROGATORY NO. 7**

Identify every office You have maintained or currently maintain.

**Response No. 7:**

Defendant specifically objects to this s Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information or documents that are neither relevant to any party's claim or defense nor proportional to the needs of the case. Defendant also objects to this Interrogatory as in violation of Local Rule 33.3(a).   Defendant further objects to this Interrogatory under Local Rule 33.3(b) because request for production of documents and/or depositions are more practical methods of obtaining the information sought.

Dated: Tehran, Iran
October 18th, 2019

Milad Oskouie

9

VERIFICATION I hereby declare under penalty of perjury that the facts stated in the foregoing **DEFENDANT PLATINUM AVENUE HOLDINGS PTY, LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF PLATINUM AVENUE HOLDINGS PTY, LTD** are true and correct to the best of my knowledge, information and belief.

**<u>Milad Oskouie</u>**

7

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing document:

**DEFENDANT PLATINUM AVENUE HOLDINGS PTY, LTD'S RESPONSES AND OBJECTIONS TO PLAINTIFF AND COUNTERCLAIM DEFENDANTS' FIRST SET OF INTERROGATORIES TO DEFENDANT AND COUNTERCLAIM PLAINTIFF PLATINUM AVENUE HOLDINGS PTY, LTD**

has been served via email on:

Anderson J. Duff, Esq.
Revision Legal, PLLC
244 5th Avenue, Suite 2230
New York, NY 10001
Phone: 212.996.4103
E-mail: anderson@revisionlegal.com and ajd@revisionlegal.com

this 18th Day of October 2019

_Milad Oskouie_

8

30 November 2019

Daniel Patrick Moynihan 
United States Courthouse
500 Pearl St.
New York, NY 10007-1312


RECEIVED
DEC - 6 2019
PRO SE OFFICE

**Re: BMaddox Enterprises LLC v. Milad Oskouie, Osko M Ltd., and Platinum Avenue Holdings Pty, Ltd.**

Dear Judge Cave,

I am writing in response to Mr Duff's letter motion to leave dated 22 October 2019 (ECF No. 180).

The arguments made by Plaintiff's counsel are without substance, misconceived and are lacking in credibility.

My response will unfortunately but necessarily be lengthy given the myriad of claims made by Mr Duff.

At the outset, I will address one specific false allegation made by Mr Duff in his latest letter alleging that I have harassed "Plaintiff's undersigned counsel and his family in several malicious ways". I deny this claim, in addition to his other claims. Plaintiff's counsel provides no evidence of my involvement in any of these matters apart from mere speculation and conjecture. It does, however, appear to be a tactic used by him to increase his billable hours. The credibility of his claim is further diminished by the fact that Mr Duff's own mother has denied, while speaking to a process server, that she has had any contact with Mr Duff for several years. Mr Duff was recently sued by Barclays Bank Delaware for unpaid debts of $7349.45 (BARCLAYS BANK DELAWARE Vs. ANDERSON J DUFF 19-000900-CO | Florida State, Pinellas County, County Court)(**Ex A**). A process server was unable to serve Mr Duff and lead to the case being dismissed. The process server attempting to serve Mr Duff said that "*Cindy Duff, RESIDENT...stated defendant is her son and no longer resides here. Stated they lost touch and had no knowledge of his current whereabouts...*" (**Ex B**). Therefore, it is clear his claim about his family being harassed is untrue. Even more concerning is that he was also once charged with a felony for attempted burglary of a school (ECF 132).

The Plaintiff's client—whom happens to hold a license to use and sell "military grade weapons"--continues to harass my family, my doctor's family, and my doctor's fourteen year old daughter, via blatant threats of violence to cryptic threats involving travel restrictions: ECF 139-A and ECF 139-B. In ECF 130-2 Mr Maddox indicates he has had access to my bank account and my mothers. In ECF 130-C, Mr Maddox makes use of his international network of organized cyber criminals to take down the website the subject of this lawsuit. He further demonstrates his complete disregard for the judicial process when he states "Attorney maybe expensive and time consuming" to one of the hackers and suggests that hacking is more effective than taking any action via the legal system. Maddox asked the hacker named "Rabiul Islam" if it is "[p]ossible to hire you to focus efforts on getting flltrust.com removed?". Rabiul Islam replied, "Shall I take down the site [FFLTrust.com] or only help your attorney to file the case?" In addition, Mr Maddox and Rabiul Islam decide to plant and concoct 'evidence' in my site and frame me: ""...I can put together the evidence for your...However, it might will take more time to do that..." Mr Maddox is precisely guilty of the very thing he accuses me of. He has resorted to the use of a criminal hacker to help him "...put together evidence" and "help your attorney file the case". In ECF 56 at page 23, Mr Duff concedes to the accuracy of these screenshots and describes his client's actions to break the law by hacking his competitor as "...exploring his options..."

A Supreme Court Judge in Australia has described the Plaintiff as "high-handed", "wholly arrogant" and "everyone's worst nightmare"(ECF 174), though the learned Mr Duff dismisses the entirety of that judgement—despite Judge Rothman specifically mentioning that the judgement is valid under South Dakota law (Paragraph 74-75 *Oskouie v*

*Maddox* [2019] NSWSC 428 (18 April 2019)—in a few words and erroneously claims that the United States' interpretation of the Hague Convention does not permit service via any means apart from the Central Judiciary. Mr Duff would be better advised if he read Article 10 of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, which the USA has not opposed nor our state of South Dakota. Mr Duff seems to have misread the law and overlooked an important factor for his client. He has misread the term "provides" in *"The Hague Convention provides for service via a 'central authority' in the receiving nation, which in the United States is the Department of Justice."* (emphasis added) to imply that service via central authority is the *only* valid means of service in the USA.

...

In ECF 153 at paragraph 2, Mr Duff acknowledges that he has received 426 pages of discovery materials. In ECF 154 at paragraph 4, he also acknowledges further documents were produced. In addition, in ECF 153, he also acknowledges objection to his requests were raised as early as December 2017. Instead of even considering my previous counsel's objections or mine, Mr Duff has falsely concluded that I have ignored the court's orders and failed to responds to discovery requests. A motion to compel would be the correct remedy for any alleged discovery failures—rather than falsely concluding that I ignored the courts requests and that all my objections are meritless. ECF 153 Ex A-D shows some of the responses provided by my then attorneys in 2017. Mr Duff's strategy appears to be limited to only filing sanctions motions to further delay this case and obfuscate his own client's weak position.

In ECF 148, Magistrate Pitman refers to the conference on 2 May 2018. He stated that Defendant's Counsel failed to appear at this hearing. It is clear from ECF 155 that my then attorney Saul Roffe was unaware of this conference and hence Magistrate Pitman's decision was made in absence of any representation on my behalf. The 30 September 2019 order made was therefore made without any representation on my side due to an administrative oversight by my then lawyer.

I have made all my best efforts to respond to Plaintiff's requests. I have raised objections to his requests. Plaintiff's misrepresentation of my position is disturbing. The responses I sent to Mr Duff are Ex C, Ex D, Ex E, Ex F, Ex G, Ex H.

Defendant's respectfully request that Plaintiff's Letter Motion be denied.

Milad Oskouie

Tehran, Iran

30 November 2019



RECEIVED

DEC -6 2019

PRO SE OFFICE

DANIEL PATRICK MOYNIHAN
ROOM 200
PRO SE OFFICE
UNITED STATES COURTHOUSE
500 PEARL ST.
NEW YORK
NY 10007-1312



global**priority**

PARCEL FORCE WORLDWIDE

EE 593 713 447 GB

CN23

Date of Despatch

EE 593 713 447 GB

PFU511

EE 593 713 447 GB

LIFT

EMS

Recipient
phone no.

GLS
Network par

GB