**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BMADDOX ENTERPRISES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MILAD OSKOUIE, OSKO M LTD, and | ) |
| PLATINUM AVENUE HOLDINGS PTY, LTD, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| MILAD OSKOUIE and PLATINUM AVENUE | ) |
| HOLDINGS PTY, LTD, | ) |
| | ) |
| Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BMADDOX ENTERPRISES LLC and | ) |
| BRANDON MADDOX, | ) |
| | ) |
| Counterclaim Defendants. | ) |

Case No. 17-cv-1889-RA-SLC

**PLAINTIFF'S MEMORANDUM FOR INQUEST FOLLOWING DEFAULT JUDGMENT**

Plaintiff and Counterclaim Defendant BMaddox Enterprises, LLC ("BMaddox" or "Plaintiff") respectfully submit this Memorandum for Inquest on damages with respect to Defendant Osko M Ltd's ("Osko") and Defendant Platinum Avenue Holdings Pty., Ltd.'s ("Platinum") (Osko and Platinum are referred to herein collectively as the "Entity Defendants") liability for Count 2:

I.       **INTRODUCTION**

On August 18, 2021, the Court issued an Order granting summary judgment as to Defendant Oskouie with respect to Counts 1 and 2 and default judgment against the Entity Defendants for Counts 1 and 2. (Aug. 18, 2021 Order, ECF No. 218, 32.) The next day, this

matter was referred to Magistrate Judge Cave for an inquest into damages on Count 2 with respect to the Entity Defendants. (Aug. 19, 2021 Order, ECF No. 219.) Plaintiff's Count 2 seeks damages and costs and attorney fees for the Entity Defendants' infringement of Plaintiff's federal Copyright Registration No. TX0008400540 (the "'540 Registration") for the look and feel of Plaintiff's website appearing at *ffl123.com*. (Pl.'s Compl., ECF No. 6 at ¶¶ 77-89.) As stated below, Plaintiff seeks recovery of three hundred eight five hundred sixty-eight dollars and sixty-eight cents ($308,568.68) in damages from Entity Defendants for their infringing actions as described in Count 2.

## II.   ARGUMENT

Establishing the appropriate amount of damages involves two steps:  (1) "'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Milltex Grp. Inc. v. Gossard & Berlei Ltd.*, 15-cv-10002 (RA) (KNF), 2018 WL 6624275, *3 (Sept. 20, 2018) (citation omitted). "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602.

### A.   Plaintiff is Entitled Actual Damages and Entity Defendants' Profits

The Copyright Act states that "[e]xcept as otherwise provided by this title, an infringer of copyright is liable for either--(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Subsection (b) states as follows:

> The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In

> establishing the infringer's profits, the copyright owner is required
> to present proof only of the infringer's gross revenue, and the
> infringer is required to prove his or her deductible expenses and
> the elements attributable to factors other than the copyrighted
> work.

17 U.S.C. § 504(b).

While the Entity Defendants refused to meaningfully participate in the discovery process,

Plaintiff was able to obtain some information about their infringing activities via third party

discovery. Plaintiff served subpoenas to financial service providers, including PayPal and Stripe,

pursuant to Fed. R. Civ. P. 45. (Duff Nov. 19, 2021 Decl. ¶¶ 2-4.) The documents provided by

Stripe show that Defendant Entity's accounts with Stripe used for the infringing website at

*ffltrust.com* processed at least $83,568.68 using today's conversion rates for the Australian and

British currency shown in Exhibit A between February 9, 2016 and May 5, 2017.

### B.      Plaintiff Lost the Value of his Website for at Least Five Years

Plaintiff recognizes that, because the '000 and '540 Registrations were pending before

the Copyright Office after the infringement began, Plaintiff may not recover statutory damages

for infringement of either work. Because the Entity Defendants did not share any meaningful

information during discovery, Plaintiff used a novel approach to calculate the damages requested

herein for these copyright registrations. Both the '000 and '540 Registrations relate to the

creation and maintenance of the Infringing Website. The first security breach about which

Plaintiff is aware occurred on December 17, 2015, Compl. ¶ 47, just over four and a half years

ago. Plaintiff estimates that it spent $45,000 per year creating and maintaining its website at

<ffl123.com> during the first five years of its website's existence. Plaintiff therefore seeks

recovery of two hundred two thousand five hundred dollars ($202,500) for the Entity

Defendants' willful violation of the above-captioned two copyright registrations, which amount

represents four and a half years of Plaintiff's annual website expenditures during the initial years of the website's existence. (Maddox Decl. ¶¶ 2-7.)

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant an award of damages against the Entity Defendants with respect to Count 2 in the amount of

Dated:      New York, New York
            November 19, 2021

                                        Respectfully submitted,

                                        DUFF LAW PLLC

                              By:        _____
                                        Anderson J. Duff (AD2029)
                                        43-10 Crescent St. Ste. 1217
                                        New York, New York 11101
                                        (t) 646.450.3607
                                        (e) ajd@hoganduff.com