USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 02/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BMADDOX ENTERPRISES LLC,

    Plaintiff,

v.

MILAD OSKOUIE, OSKO M LTD, and PLATINUM AVENUE HOLDINGS PTY, LTD,

    Defendants.

---

MILAD OSKOUIE and PLATINUM AVENUE HOLDINGS PTY, LTD,

    Counterclaim Plaintiffs,

v.

BMADDOX ENTERPRISES LLC and BRANDON MADDOX,

    Counterclaim Defendants.

---

17-CV-1889 (RA) (SLC)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff BMaddox Enterprises LLC brings this action for copyright infringement, false advertising, unfair competition, trade secret misappropriation, and deceptive trade practices against Defendants Milad Oskouie, Osko M Ltd, and Platinum Avenue Holdings Pty, Ltd. BMaddox alleges that Defendants copied its website and other proprietary materials that guide individuals through the process of federal firearms licensing. As relevant here, Count 2 of BMaddox's complaint seeks damages for the infringement of its copyright on the look and feel of its website.

    On August 18, 2021, the Court granted in part and denied in part BMaddox's motions for summary judgment and for default judgment. Specifically, the Court granted BMaddox's motion for

default judgment against Osko and Platinum (the "Entity Defendants") on Counts 1 and 2, awarded statutory damages of $100,000 on Count 1, and referred the matter to the Honorable Magistrate Judge Cave to conduct a damages inquest on Count 2. Judge Cave ordered BMaddox to submit additional materials in support of its damages request, which it did on November 19, 2021. The Entity Defendants did not submit any response. Now before the Court is Judge Cave's January 10, 2022 Report and Recommendation (the "Report"), which recommends awarding BMaddox $83,568.68 in damages against the Entity Defendants as to Count 2. Report at 12. No party filed objections to the Report.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may object to a magistrate judge's proposed findings and recommendations "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* Report at 13 (advising parties of deadline to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2)). "When the parties make no objections to the Report, the Court may adopt the Report if 'there is no clear error on the face of the record.'" *Smith v. Corizon Health Servs.*, No. 14-CV-8839 (GBD) (SN), 2015 WL 6123563, at *1 (S.D.N.Y. Oct. 16, 2015) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 Fed. App'x 874, 875 (2d Cir. 2009) (citations omitted).

As no objections to Judge Cave's Report were filed, the Court reviews the Report for clear error. After careful consideration of the record, including BMaddox's damages submissions, the Court finds no error and thus adopts the thorough and well-reasoned Report in its entirety. Accordingly, BMaddox is awarded $83,568.68 in damages against the Entity Defendants as to Count 2.

Consistent with the Court's August 18, 2021 order, by no later than March 9, 2022, BMaddox shall notify the Court whether it intends to proceed to trial on the remaining counts and/or with respect to damages for Count 2 against Oskouie.

SO ORDERED.

Dated:  February 23, 2022
        New York, New York

_____
RONNIE ABRAMS
United States District Judge

3